822 F.2d 636
 Leonard ROBERTS, Petitioner,
v.
BENEFITS REVIEW BOARD; Director, Office of Workers'
Compensation Programs; United States Department
of Labor; Island Creek Coal Company;
Republic Insurance Company, Respondents.
 No. 85-3815.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 17, 1986.
Decided June 30, 1987.
Rehearing and Rehearing En Banc Denied Sept. 16, 1987.
 
 Albert A. Burchett (argued), Prestonsburg, Ky., for petitioner.
 Martin Ellison Hall (argued), Jackson, Kelly, Holt, & O'Farrell, Charleston, W.Va., J. Michael O'Neill, Diane Hodes, U.S. Dept. of Labor, Washington, D.C., for respondents.
 Before NELSON and RYAN, Circuit Judges, and ENSLEN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Leonard Roberts petitions this court to review the Benefits Review Board's affirmance of the administrative law judge's (ALJ) order denying him benefits under the federal Black Lung Benefits Act. Roberts contends: first, that the ALJ held the respondent employer, Island Creek Coal Company (Island Creek), to an incorrect standard of proof; and second, that the ALJ misapplied 20 C.F.R. Sec. 727.203(b)(2) and (3) in finding Island Creek had rebutted Roberts' presumed entitlement to benefits provided under 20 C.F.R. Sec. 727.203(a)(1).
 
 
 2
 We reverse.
 
 I.
 
 3
 Roberts worked as a coal miner for thirty-one years. He stopped working in July 1974, after suffering a stroke. On August 19, 1974, he applied for benefits under the Black Lung Benefits Act. Initially, the deputy commissioner approved Roberts' application. But, after a formal hearing, the ALJ denied the application.
 
 
 4
 The medical testimony from Drs. Wright, Myers, Penman, Harvey, Paige, Varney and Abernathy established that Roberts was totally disabled and suffered from, among other things, pneumoconiosis (coal miners' pulmonary disease) and the aftereffects of a stroke. The medical testimony established that Roberts was primarily disabled by the stroke. The doctors found that the pneumoconiosis, although contributing to Roberts' condition, was not, of itself, totally disabling. On the strength of this testimony, the ALJ found that Island Creek successfully rebutted plaintiff's presumed entitlement to benefits. The Benefits Review Board affirmed.
 
 II.
 
 5
 Initially, plaintiff argues the ALJ erroneously failed to require Island Creek to prove that he was not totally disabled. Roberts asserts that "the Benefits Review Board relied upon the absence of disability testimony in order to determine that the Petitioner's prima facie case of entitlement had been rebutted. Such reliance ... is misplaced." That is simply a misreading of the record. The ALJ relied upon medical testimony which positively ruled out that Roberts' pulmonary disease totally disabled him.
 
 
 6
 Plaintiff's argument relates more logically to his second claim--that the ALJ erroneously applied 20 C.F.R. Sec. 727.203(b)(2) to Island Creek's rebuttal evidence. Plaintiff contends that (b)(2) rebuttal requires that the ALJ must have found that Island Creek proved Roberts able to perform work comparable to his usual work, considering all of his physical impairments, before he could have found that Island Creek rebutted Roberts' presumed entitlement to benefits. The ALJ, the Review Board, and Island Creek read (b)(2) as requiring Island Creek merely to prove that Roberts' lung impairment has not disabled him from performing comparable work.
 
 
 7
 Under the regulations, once Roberts established that he was a coal miner for at least ten years and produced a chest X-ray demonstrating that he suffered from coal workers' pneumoconiosis, he is presumed totally disabled because of pneumoconiosis and is entitled to benefits under the Act. 20 C.F.R. Sec. 727.203(a)(1). The employer can rebut this presumption in any one of four ways. 20 C.F.R. Sec. 727.203(b) provides:
 
 
 8
 "The presumption in paragraph (a) of this section shall be rebutted if:
 
 
 9
 "(1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work ... or
 
 
 10
 "(2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work ... or
 
 
 11
 "(3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 
 
 12
 "(4) The evidence establishes that the miner does not, or did not, have pneumoconiosis."
 
 
 13
 Because Roberts established that he worked more than ten years in the coal mines, and provided X-rays evincing that he contracted pneumoconiosis, this case concerns only the proper interpretation of 20 C.F.R. Sec. 727.203(b)(2) and (3) rebuttal.
 
 III.
 
 14
 Island Creek argues emphatically that the purpose of the Act is to compensate only those miners who are totally disabled because of a pulmonary disease caused by work in the nation's mines. It argues that (b)(2) requires that it be shown that Roberts does not suffer from a totally disabling pulmonary disease in order to rebut the presumption of entitlement, and it cites a number of Benefits Review Board decisions for this proposition. It also cites Sherry v. Tesone Coal Co., 696 F.2d 985 (3d Cir.1982); Director v. Beatrice Pocahontas Co., 698 F.2d 680 (4th Cir.1983); and Peabody Coal Co. v. Director, 778 F.2d 358 (7th Cir.1985). But, in Sherry, the Third Circuit simply denied the petition for review of the Review Board's judgment without opinion. Beatrice held that an employer need only prove the claimant is not disabled, and need not bring in vocational testimony to prove the claimant can find a job, to rebut the Sec. 727.203(a)(1) presumption. The language defendants cite is, at best, inexact and unfortunate dicta. Peabody merely held, assuming arguendo that an employer need show only that the claimant is not disabled by a pulmonary disease, that the evidence did indeed show the claimant was totally disabled by a pulmonary disease. Thus, these court of appeals authorities do not stand for the legal principle for which they are cited.
 
 
 15
 The plain language of Sec. (b)(2) of the regulation requires the employer to prove that Roberts "is able to do his usual" or comparable work. Section (b)(2) thus complements Sec. (b)(1). If a claimant is, in fact, still working, the presumption is rebutted by (b)(1). If the claimant is not actually working, but is able to work, the presumption is rebutted by (b)(2). Causation comes into play only with respect to (b)(3). In Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485 (6th Cir.1985), this circuit responded as follows to the same argument Island Creek makes today:
 
 
 16
 "The finding of the ALJ that the presumption was rebutted under Sec. 727.203(b)(2) seems inappropriate because (b)(2) provides that rebuttal is accomplished if it is established that claimant can do coal mine work. The ALJ determined, on the contrary, that Lewis could not do coal mine work but because of a heart condition not related to such work. Accordingly, Sec. 727.203(b)(3) would be the appropriate provision...."
 
 
 17
 Id. at 486 n. 3. The Sixth Circuit has considered and rejected attempts to read a causation element into Sec. (b)(2)'s inquiry of whether the claimant is disabled. See also id. at 490 n. 7; Kertesz v. Crescent Hills Coal Co., 788 F.2d 158 (3d Cir.1986). In Kertesz, the Review Board had held that defendant had rebutted plaintiff's presumed entitlement under (b)(2) by showing that pulmonary disease did not prevent him from working. The Third Circuit rejected this holding, stating that (b)(2) asks only whether the plaintiff is truly disabled, while (b)(3) asks whether pneumoconiosis contributed to his disability. Id. at 162 n. 5.
 
 IV.
 The ALJ also held:
 
 18
 "Under ... (b)(3), the presumption can also be rebutted if the evidence establishes that Claimant's disability did not arise in whole out of his coal mine employment. Jones v. New River Co., 3 BLR 1-199, 1-209 (1981)."Because Roberts' disability was caused primarily by a stroke, the ALJ determined that Island Creek had rebutted the presumption of entitlement to benefits. Section (b)(3) requires the employer to establish that the disability did not arise "in whole or in part " from the claimants' coal mine employment. The ALJ ignored the "in part" aspect of (b)(3), citing Jones v. New River Co., which held the "in part" language of the regulations invalid because it was repugnant to the statute. But, Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir.1984), cert. denied, 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985), expressly rejected Jones, holding that the Review Board was mistaken and that the regulations are valid. Id. at 1120. Gibas reinstated the regulations, holding:
 
 
 19
 "If an employer is able to prove that pneumoconiosis played no part in causing a miner's disability, then the employer has satisfied the requirements of section 727.203(b)(3). Where, however, pneumoconiosis is a contributing cause to a miner's total disability, he is conclusively entitled to benefits [citing authority]."
 
 
 20
 Id. See also Ramey, 755 F.2d at 490-92. Thus, the ALJ erred in interpreting and applying (b)(3). This court has carefully considered and clearly rejected the argument that (b)(3) rebuttal requires only a showing that the claimant was not disabled wholly by pneumoconiosis.
 
 V.
 
 21
 Nonetheless, Island Creek argues that its reading of (b)(2) is not inconsistent with Ramey and Gibas. It argues that the (b)(2) inquiry is limited to the severity of claimant's pulmonary or respiratory impairment, and that under (b)(3), the court properly looks to whether that respiratory impairment was caused in part or in whole by coal workers' pneumoconiosis. This reading, it is claimed, is consistent with Ramey and Gibas. Aside from the fact that Island Creek's argument ignores the plain language of (b)(2), (b)(3), Ramey and Gibas, it also fails to take into account the facts of those cases. In Gibas, the court held that a claimant, disabled primarily by serious cardiac problems, whose pneumoconiosis contributed to his overall disability, was entitled to benefits because defendant could not rebut the presumption to benefits by showing claimant's disability was due primarily to a heart condition. In Ramey, wherein defendant relied on both (b)(2) and (b)(3), the court held that the defendant had rebutted the claimant's presumed entitlement to benefits under (b)(3), but not under (b)(2), and only upon a showing that the claimant was entirely disabled by a heart condition--the pneumoconiosis had played no part in his total disability. See also Moseley v. Peabody Coal Co., 769 F.2d 357 (6th Cir.1985), which followed Ramey and Gibas, and held that the defendant had rebutted plaintiff's presumptive entitlement to benefits by showing that pneumoconiosis had played no part in plaintiff's disability, which was attributable entirely to his heart condition. And see Kertesz v. Crescent Hills Coal Co., 788 F.2d 158 (3d Cir.1986). Island Creek's reading of (b)(2) is therefore inconsistent with Ramey and Gibas.
 
 VI.
 
 22
 Defendants contend that this application of the regulations is inconsistent with the Act because it permits a claimant disabled by a stroke to collect benefits where Congress intended that a claimant only collect if totally disabled by pneumoconiosis. This argument was the basis for the decision in Jones v. New River Co., later overturned, and was rejected in Ramey. The presumption of entitlement serves the useful purpose of avoiding the necessity of requiring disabled coal miners to undertake the impossible task of allocating blame and attributing the true cause of a total disability to pneumoconiosis when they may be suffering from other ailments as well.
 
 
 23
 Because the ALJ and the Review Board erred in interpreting Sec. 727.203(b)(2) and (3), we reverse. Since Island Creek did not produce evidence sufficient to rebut the presumption established by Sec. 727.203(a)(1), Roberts is entitled to benefits.
 
 
 24
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 25
 I agree that the ALJ misapplied 20 C.F.R. Sec. 727.203(b)(2). It was not established that Mr. Roberts "is able to do his usual coal mine work"--the evidence established just the opposite--and under the plain language of (b)(2), as the court indicates, the cause of the individual's inability to do his usual coal mine work is immaterial.
 
 
 26
 The question of causation does become pertinent, as the court also indicates, under (b)(3). That section provides that the interim presumption of 20 C.F.R. Sec. 727.203(a) "shall" be rebutted if "the evidence establishes that the total disability ... of the miner did not arise in whole or in part out of coal mine employment."
 
 
 27
 The ALJ concluded that (b)(3) had been satisfied, and it seems to me that this conclusion would have been amply justified by the evidence in the record if the conclusion had been based on a correct reading of (b)(3). The evidence showed that Mr. Roberts suffered a disabling stroke in July of 1984--a stroke that left him unable to walk--and Mr. Roberts admitted that "his stroke alone disabled him from returning to his last job at Island Creek Coal Company." The evidence also established, arguably, that Mr. Roberts' coal worker's pneumoconiosis was not disabling. Mr. Roberts would still have been disabled without the pneumoconiosis, in other words, but he would not have been disabled without the stroke, despite the pneumoconiosis.
 
 
 28
 It seems to me that those facts, if established to the satisfaction of the ALJ, would necessarily have established that the presumption was rebutted under (b)(3); the "total disability" of Mr. Roberts could not have arisen, in part or in whole, out of the coal miner's pneumoconiosis if the stroke was disabling by itself and the pneumoconiosis was not.
 
 
 29
 I see nothing to the contrary in Gibas v. Saginaw Mining Company, 748 F.2d 1112 (6th Cir.1984), cert. denied, 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985). In Gibas, as this court pointed out in Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 492 (6th Cir.1985), the ALJ determined, on the basis of substantial evidence in the record, that the presumption had not been rebutted under (b)(3), the evidence having failed to establish that the total disability was not caused in part by black lung disease. The question, under (b)(3), is what caused the "total disability"--and in Gibas the ALJ found, and this court confirmed, that the miner's pneumoconiosis was a contributing cause of his "total disability." In Ramey, on the other hand, "the ALJ found that [the miner's] cardiac condition was the sole cause of his total disability...." Ramey, 755 F.2d at 492. The latter finding was supported by substantial evidence, and this court affirmed the denial of black lung benefits notwithstanding that the miner also suffered from coal worker's pneumoconiosis.
 
 
 30
 If the ALJ had concluded here that the presumption was rebutted under (b)(3) as written, I think Ramey would require us to affirm the denial of benefits. The ALJ did not read (b)(3) correctly, however; relying on Jones v. New River Co., 3 B.L.R. 1-199, 1-209 (1981)--a decision rejected by Gibas --the ALJ treated (b)(3) as if it did not contain the words "in part." I think this error of law on the part of the ALJ requires us to remand the case with instructions to determine whether Mr. Roberts' "total disability" was or was not caused "in part" by the pneumoconiosis. If, on remand, the ALJ were to find that Mr. Roberts' total disability was solely the result of his stroke, and that (b)(3) applied because the pneumoconiosis would not have been disabling in the absence of the stroke, I do not see how we could reverse the finding without ignoring the word "total" and repudiating our decision in Ramey.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Court for the Western District of Michigan, sitting by designation