991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steve HALCOMB, Petitioner,
v.
SOUTH EAST COAL CO. and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondent.
 No. 92-3231.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1993.
 
 Before KEITH and BATCHELDER, Circuit Judges, and TAYLOR, District Judge*
 PER CURIAM.
 
 
 1
 Petitioner originally filed for black lung benefits in 1978. The Government denied his claim, and the matter wended its way through administrative appeals, arriving at this court once before; disagreeing with the Administrative Law Judge's interpretation of the relevant regulation, we remanded for further consideration. Halcomb v. South East Coal Co., Nos. 87-3062, 87-3168 (6th Cir.1988) (unpublished). On remand, the ALJ reviewed further evidence and again denied Mr. Halcomb's claim. The Benefits Review Board affirmed. So do we.
 
 
 2
 To be eligible for black lung benefits, a claimant must first establish that he worked as a coal miner for at least ten years, and show by means of a chest X-ray that he suffers from pneumoconiosis, or black lung disease. Roberts v. Benefits Review Board, 822 F.2d 636, 637 (6th Cir.1987). Having established those two facts, a miner is presumed to be totally disabled due to black lung and is entitled to benefits under the Black Lung Benefits Act. Id., citing 20 C.F.R. § 727.203(a)(1).
 
 
 3
 The employer may rebut this presumption by providing evidence which "establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." 20 C.F.R. § 727.203(b)(3); Roberts, 822 F.2d at 637-38. Establishing through further medical evidence that the miner does not have pneumoconiosis at all also rebuts the presumption. 20 C.F.R. § 727.203(b)(4); Roberts, 822 F.2d at 638.
 
 
 4
 On remand, the ALJ reviewed additional medical testimony and evidence, notably that submitted by Dr. William H. Anderson, a lung expert who had reviewed the petitioner's records. The judge accepted Dr. Anderson's findings, concluding that in fact Mr. Halcomb does not have black lung disease and that his disability was caused by other factors, such as obesity, asthma, and a nervous disorder. While the record shows some conflicting diagnoses among the several physicians who have reviewed the case over the years, Dr. Anderson was not alone or otherwise inconsistent in his conclusions, as petitioner would have us believe. Holding that the respondents had sufficiently rebutted the presumption that Halcomb was disabled due to black lung, the ALJ again denied benefits.
 
 
 5
 The Benefits Review Board affirmed the ALJ's denial. This court may not disturb the conclusions of the Board where its decision "is supported by substantial evidence and was reached in conformance with applicable law." York v. Benefits Review Board, 819 F.2d 134, 136 (6th Cir.1987). Substantial evidence is "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Reviewing the record as a whole, including Dr. Anderson's deposition testimony explaining how he made his diagnosis, we find that respondents provided substantial evidence supporting the Board's and the ALJ's conclusions. Both the ALJ and the Board correctly applied the law this time; we therefore decline to disturb these considered judgments.
 
 
 6
 For the reasons described, we AFFIRM the decision of the Benefits Review Board denying Mr. Halcomb's benefits claim.
 
 
 
 *
 The Honorable Anna Diggs Taylor, of the Eastern District of Michigan, sitting by designation