**Alice HARDISTY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

**No. 84–2619.**

United States Court of Appeals, Seventh Circuit.

Submitted June 26, 1985.

Decided Aug. 5, 1985.

Opinion Oct. 29, 1985.

David O. Kelley, Boonville, Ind., for petitioner.

Donald S. Shire, Office of Solicitor, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before BAUER, POSNER and EASTERBROOK, Circuit Judges.

**130**

PER CURIAM.

We originally decided this case, affirming the denial by the Benefits Review Board of the Department of Labor of black-lung benefits on the basis of proof that the applicant's husband, a coal miner, had not at the time of his death been "partially or totally disabled due to pneumoconiosis," 30 U.S.C. § 921(c)(5), in an unpublished order. But at the request of the Department of Labor we have decided to publish the portion of the order (revised for publication) in which we resolved a procedural issue of some novelty.

The administrative law judge, in rejecting Mrs. Hardisty's claim for benefits, relied in part on transcripts of the depositions of three physicians, depositions that she contends were not properly part of the record. She had objected to the depositions as having been scheduled, in bad faith, too near to the hearing. The administrative law judge, and on appeal the Benefits Review Board, rejected the objection, finding no bad faith. While the appeal to the Board was pending, however, the coal company—the miner's employer and the respondent up till then—was dismissed from the case and the Director of the Labor Department's Office of Workers' Compensation Programs substituted. The reason for the substitution was that amendments to the black-lung statute had relieved the company of liability for the benefits sought by Mrs. Hardisty and shifted that liability to the Department. See *Markus v. Old Ben Coal Co.*, 712 F.2d 322, 325–26 (7th Cir.1983). When the case had been before the administrative law judge the Director had supported the application for benefits and joined in Mrs. Hardisty's objection to the depositions; and she argues that since her original opponent, the coal company, has dropped out of the case, the Benefits Review Board should not have treated the record as containing the depositions, and nor should we, even though the Director, when substituted as the respondent, changed his mind and decided that the admission of the depositions had been proper after all.

We reject the argument. If, the company having dropped out of the case, the Director had asked the Benefits Review Board to remand the case for a new hearing at which the depositions would be excluded, and the Board had done so, we do not suppose (without having to decide) that there would have been any impropriety in the Board's doing so. Or the Director might have renounced reliance on the depositions, on the ground that he did not think they should have been taken so late. But the Director did not do either of these things. Apparently he decided that although his initial decision had been to grant black-lung benefits to the applicant, the administrative law judge was right to deny benefits; and so when substituted for the coal company the Director defended the administrative law judge's decision, and did not confess error. We cannot see anything wrong in the Director's having decided to take over the company's procedural arguments, along with its liability; there is nothing like the prospect of financial loss to concentrate the mind. Ordinarily a substitution of parties does not require that the record be done over, and it does not require it here. The petitioner cannot insist on receiving a procedural advantage because of a change in parties brought about by statutory amendments. Nor has she shown any prejudice from the change.

AFFIRMED.