**Johnnie YORK, Petitioner,**

v.

**BENEFITS REVIEW BOARD; Director, Office of Workers' Compensation Programs; United States Department of Labor, Respondents.**

No. 85–4052.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 5, 1986.

Decided May 18, 1987.

 

Dorothy B. Stulberg, Mostoller and Stulberg, Oak Ridge, Tenn., for petitioner.

Diane Hodes, J. Michael O'Neill, U.S. Dept. of Labor, Washington, D.C., for respondents.

Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

RYAN, Circuit Judge.

Johnnie York appeals the decision of the Benefits Review Board affirming the administrative law judge's (ALJ) decision denying him benefits under the Black Lung Benefits Act. Appellant claims both that the ALJ improperly allowed the admission of evidence obtained by the employer, which employer had previously been dismissed as a party to the case, and that the Board erred in upholding the ALJ's finding that he was not totally disabled. Because, as a matter of law, the ALJ applied the wrong legal standard to § 727.203(b)(2) rebuttal, we reverse.

York is 54-years old, and has worked in the mines for some fourteen and one-half years. He retired in 1973 due to a back injury. He first began having breathing problems in the early 1960's, during which time he was treated by Dr. Cravens and Dr. Waterman. Both physicians told York to "get out of the mines." The miner and his wife testified that he suffers from breathing problems, shortness of breath, tires easily, and has trouble sleeping at night.

The pertinent medical evidence consisted of chest X-rays, ventilatory function studies, arterial blood gas tests, and medical opinions. The ALJ found from the X-rays that York had contracted coal miner's pneumoconiosis. The director does not contest this finding. None of the reports of the ventilatory function studies establish a total disability due to pulmonary disease. Neither do the blood gas tests establish total disability due to pulmonary respiratory disease. The record contains several medical opinions. Drs. Cravens and Waterman diagnosed York as having a severe

lung condition caused by pneumoconiosis attributable to his coal mine employment, and opined that the miner was totally disabled from working in the coal mines or any other area where there is continuous contamination from dust particles. Dr. Fred Guthrie diagnosed York as having chronic bronchitis, not related to coal mine employment. Dr. Arnold Hudson diagnosed York as having chronic bronchitis, primarily caused by his smoking habit, and found no significant pulmonary impairment. Dr. Hudson stated that, from a *strictly pulmonary view*, the miner has no restriction of activity to do any kind of work. Dr. William Schmidt diagnosed York as having pneumoconiosis, hypertension, chronic asthmatic bronchitis, and a back condition. Dr. Schmidt made no assessment of the miner's ability to perform his usual or comparable, gainful employment.

Based on the foregoing, the ALJ found that York had established presumptive entitlement to benefits under 20 C.F.R. § 727.203(a)(1) on the basis of the X-ray evidence and the fact York had worked in the mines more than ten years; however, the ALJ found that the Department of Labor had rebutted York's presumed entitlement to benefits under 20 C.F.R. § 727.203(b)(2) on the basis of Dr. Hudson's opinion that, from a strictly pulmonary view, York is not totally disabled from doing any kind of work activity. The ALJ accorded great weight to Dr. Hudson's opinion, and noted that Dr. Cravens' opinion was not based on any functional disability tests and that the objective bases for the opinion were inconsistent with a diagnosis of total disability due to respiratory disease. The ALJ dismissed Dr. Waterman's report that claimant was disabled because "[Dr. Waterman] did not indicate whether this disability was related to a pulmonary condition or some other medical problem." The ALJ credited Dr. Guthrie's finding that York's chronic bronchitis was unrelated to his coal mine employment. He also gave weight to the pulmonary function tests and blood gas tests.

This court's review is limited to a determination whether the outcome below is supported by substantial evidence and was reached in conformance with applicable law. *Orange v. Island Creek Coal Co.*, 786 F.2d 724, 725 (6th Cir.1986); *Director v. Rowe*, 710 F.2d 251, 254 (6th Cir.1983). The Sixth Circuit has defined substantial evidence as " 'more than a mere scintilla;' substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Ramey v. Kentland Elkhorn Coal Corp.*, 755 F.2d 485, 488 (6th Cir.1985) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

**I**

We first consider whether the ALJ properly admitted evidence obtained by the employer, which employer had previously been dismissed as a party to the case.

York claims the ALJ's admission of Dr. Hudson's opinion evidence was error because that evidence was submitted by an adverse party, the employer, who was no longer a party to the case, because the Director of the Office of Workers' Compensation Programs, United States Department of Labor had been substituted for the employer. Initially, York had argued that no court had considered this issue as it relates to black lung cases. However, after the government cited three cases in which the issue is discussed, York conceded he was mistaken and apologized for his error. The ALJ committed no error in admitting Dr. Hudson's opinion. *See Hardisty v. Director*, 776 F.2d 129, 130 (7th Cir.1985). *See also* 20 C.F.R. § 727.203(b), which provides, in part, that "in adjudicating a claim under this subpart, all relevant medical evidence shall be considered." The government also properly cites, *e.g.*, *Director v. Goudy*, 777 F.2d 1122 (6th Cir. 1985); *Pavesi v. Director*, 758 F.2d 956 (3d Cir.1985).

**II**

The more significant issue is whether the Benefits Review Board properly upheld the ALJ's finding that the miner was

not totally disabled because he does not have a totally disabling respiratory impairment.

The ALJ determined that York established his presumptive entitlement to benefits under 20 C.F.R. § 727.203(a)(1) because York had worked for at least ten years in the coal mines and had provided the court with an X-ray which established the existence of pneumoconiosis. The director does not challenge this finding. The ALJ further determined that the director rebutted York's presumed entitlement to benefits under 20 C.F.R. § 727.203(b)(2) by proving that York was not totally disabled by a respiratory impairment.

20 C.F.R. § 727.203(b) provides:

"The presumption in paragraph (a) of this section shall be rebutted if:

> \*     \*     \*     \*     \*     \*

"(2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work...."

In response, York argues that the ALJ improperly weighed the evidence; that Dr. Hudson's opinion was unreasoned because he did not consider York's bronchitis, changed his earlier diagnosis of chronic obstructive bronchitis to chronic bronchitis, and changed his diagnosis of no interstitial infiltrates in the lung to "a few calcified but insignificant densities in the lung not indicative of pneumoconiosis;" and that the ALJ erred in not assigning greater weight to the testimony of the miner and his wife in conjunction with the opinions of Drs. Cravens and Waterman than to Dr. Hudson's opinion. York's claims notwithstanding, we think the opinions of Dr. Hudson and Dr. Guthrie are substantial evidence that York is not totally disabled by a respiratory impairment.

■ Despite that fact, we must reverse the decision of the ALJ and the Benefits Review Board because the ALJ applied the wrong legal standard in concluding:

> "Since that opinion [Dr. Hudson's opinion] also is supported by the large majority of pulmonary function and blood gas studies, I hold that Dr. Hudson's report

warrants a finding that claimant is not suffering from a totally disabling respiratory impairment. Accordingly, the presumption is rebutted under 20 C.F.R. 727.203(b)(2) and claimant is not entitled to benefits."

This is an incorrect statement of 20 C.F.R. § 727.203(b)(2) rebuttal.

Under (b)(2), the director must prove that "in light of all relevant evidence ... the individual is able to do his usual coal mine work or comparable and gainful work...." The ALJ erred in finding the director had rebutted York's entitlement to benefits merely by proving that York was not totally disabled *by his respiratory impairment.* York's total disability included his back problems, bronchitis and other physical impairments. Dr. Cravens, Dr. Waterman, and Dr. Schmidt considered all of York's disabilities in finding him totally disabled. In concluding that the presumption of total disability was rebutted, the ALJ depended upon the pulmonary function tests, blood gas studies, and Dr. Hudson's determination that York was not totally disabled solely by his respiratory impairment. But this evidence does not prove that York is able to do his usual coal mine work or comparable work. Therefore, the director has not rebutted York's presumptive entitlement to benefits under (b)(2), and York is entitled to benefits. *See Kertesz v. Crescent Hills Coal Co.,* 788 F.2d 158, 162 n. 5 (3d Cir.1986); *Ramey v. Kentland Elkhorn Coal Corp.,* 755 F.2d 485, 486 n. 3, 488 n. 5, 490 n. 7 (6th Cir.1985).

In order to rebut York's presumed entitlement for the reasons given by the ALJ—that York was not disabled by the respiratory impairment but by his back injury and non-work related bronchitis—the Director was required to prove either that York had no pneumoconiosis under § 727.-203(b)(4), or that his total disability did not arise in whole, *or in part,* out of his coal mine employment, under § 727.203(b)(3). *See Kertesz,* 788 F.2d 158; *Moseley v. Peabody Coal Co.,* 769 F.2d 357 (6th Cir.1985); *Ramey,* 755 F.2d 485; *Gibas v. Saginaw Mining Co.,* 748 F.2d 1112 (6th Cir.1984), *cert. denied,* 471 U.S. 1116, 105 S.Ct. 2357,

86 L.Ed.2d 258 (1985). In each of these cases, the court discussed the proper application of § 727.203(b) rebuttal where claimant suffers from a disabling heart condition in addition to pneumoconiosis.

Since the Director has not undertaken the burden of (b)(3) or (b)(4) rebuttal, we need not decide the applicability of these provisions. Therefore, the Director has not met the burden of rebutting York's § 727.-203(a) presumed entitlement to benefits. The court has held that in order for the Director or employer to rebut a miner's presumed entitlement to benefits as established by § 727.203(a), they must establish, under rebuttal provision § 727.203(b)(2), that the miner is able to do his usual coal mine work or comparable and gainful work. They cannot merely rely upon a showing the miner was not totally disabled by the respiratory impairment alone. Rather, they must show the miner is not disabled.

Because the Director did not rebut York's presumed entitlement to benefits, we reverse.

CELEBREZZE, Senior Circuit Judge, concurring.

I agree with the majority that under subsection (b)(2), the administrative law judge must consider not only evidence of the claimant's respiratory or pulmonary impairment, but also other evidence, if any, that is relevant to determining whether the claimant "is able to do his usual coal mine work." 20 C.F.R. § 727.203(b)(2) (1986).[1] In my view, however, our disposition of this case is warranted only on the assumption that after a claimant successfully invokes the interim presumption of total disability due to pneumoconiosis under § 727.-203(a), both the burden of production *and* the burden of persuasion shift to the director or employer to rebut the presumption under one of the provisions contained in § 727.203(b).[2] I write separately, therefore, to clear up the confusion that I believe exists in decisions of this court concerning the allocation of the burden of persuasion on the issue of rebuttal under 20 C.F.R. § 727.203(b).

In *Bizzarri v. Consolidation Coal Co.,* 775 F.2d 751 (6th Cir.1985), a panel of this court suggested in dictum that the Sixth Circuit had not yet authoritatively decided whether the rebuttal provisions of the Black Lung Benefits Act operate to shift the burden of persuasion to the director or employer, or merely to shift the burden of production. *Id.* at 753–54. The *Bizzarri* court cited dictum in *Prokes v. Mathews,* 559 F.2d 1057, 1060 (6th Cir.1977), which considered provisions of the Black Lung Benefits Act of 1972 and related Social Security Administration regulations, as support for its proposition that only the burden of production might shift. *Bizzarri,* 775 F.2d at 753. Unfortunately, *Bizzarri* did not discuss our more recent case of *Gibas v. Saginaw Mining Co.,* 748 F.2d 1112 (6th Cir.1984), *cert. denied,* 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985), in which this court interpreted the rebuttal provision of 20 C.F.R. § 727.203(b)(3). The *Gibas* court expressly stated that proof of

---

1. I also concur in Part I of the majority opinion.

2. Only if York's medical evidence established that he was totally disabled would the allocation of the burden of persuasion be rendered irrelevant to this case. The majority opinion implies that the medical evidence presented by York did show that he was unable to perform his coal mine work: "Dr. Cravens, Dr. Waterman, and Dr. Schmidt considered all of York's disabilities in finding him totally disabled." In my view, however, the record does not support the conclusion that York's evidence demonstrated, as a matter of law, that he was unable to do his coal mine work. First, both the ALJ and the Board noted that Dr. Schmidt made no assessment concerning the extent of York's disability. In addition, although Dr. Cravens found York to-

tally disabled and Dr. Waterman found York at least 37 percent disabled, both of these opinions were discounted by the ALJ and the Board as undocumented. Therefore, if the burden of persuasion were to remain at all times with the black lung claimant, I believe a remand would be necessary so that the ALJ could determine whether this inconclusive medical evidence, in conjunction with York's and his wife's testimony, satisfied the burden of persuasion. Only because the burden of persuasion shifts to the director is this disposition unnecessary; reversal without remand is appropriate in the instant case because *the director's evidence is legally insufficient to carry his burden of persuasion under subsection (b)(2).*

the rebuttal of an interim presumption rests with the director or employer. *Id.* at 1120 ("Saginaw had the burden of proving that Gibas was not totally disabled."). Although the employer had produced some rebuttal evidence, the *Gibas* court reinstated an ALJ's decision awarding benefits because the employer did not satisfy its burden of persuasion. *Id.* at 1120–21.

In the face of this holding in *Gibas,* the *Bizzarri* court was incorrect in opining that this circuit had not decided the question of the allocation of proof under section 727.203(b); the director or employer bears the burden of persuasion.[3] This allocation of the burden is supported by the overwhelming weight of authority emanating from the other federal courts of appeals. *See e.g., Stapleton v. Westmoreland Coal Co.,* 785 F.2d 424, 435, 441 (4th Cir.1986) (en banc), *cert. granted,* —— U.S. ——, 107 S.Ct. 871–72, 93 L.Ed.2d 826 (1987); *Kaiser Steel Corp. v. Director, Office of Workers' Compensation Programs,* 757 F.2d 1078, 1082 (10th Cir.1985); *Alabama By-Products Corp. v. Killingsworth,* 733 F.2d 1511, 1515 (11th Cir.1984); *but see Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 27, 96 S.Ct. 2882, 2898, 49 L.Ed.2d 752 (1976) (dictum discussing Black Lung Benefits Act before 1977 Amendments); *Underhill v. Peabody Coal Co.,* 687 F.2d 217, 222 (7th Cir.1982) (dictum). More importantly, shifting the burden of persuasion is also consistent with the 1977 Amendments to the Black Lung Benefits Act, under which 20 C.F.R. § 727.203(b) was promulgated. Those amendments were intended "to benefit more miners by expanding coverage and liberalizing eligibility restrictions." *Ramey v. Kentland Elkhorn Coal Corp.,* 755 F.2d 485, 493 (Jones, J., concurring and dissenting); *see also* 43 Fed.Reg. 36,819 (1978) (final rules promulgated August 18, 1978) ("It is expected that the application of these new standards will allow a greater number of victims of black lung disease to obtain benefits under the law."). A con-

trary conclusion—that only the burden of production shifts—would inevitably result in more frequent denials of benefits, in contravention of the purpose of the 1977 amendments.

I conclude, therefore, that notwithstanding statements to the contrary in *Bizzarri,* this court has authoritatively held, and properly so, that the burden of persuasion shifts to the director or employer under 20 C.F.R. § 727.203(b). *See Gibas,* 748 F.2d at 1120. Because the director has failed to satisfy his burden of persuasion under subsection (b)(2), I concur.

---

**3.** In fact, three subsequent unpublished opinions have disregarded *Bizzarri* and cited *Gibas* for the proposition that, under 20 C.F.R. § 727.203(b), the burden of production *and* the burden of persuasion shift to the director or employer. *See Walker v. Consolidation Coal Co.,* 802 F.2d 460 (6th Cir.1986); *Day v. Beth-Elkhorn Corp.,* 798 F.2d 469 (6th Cir.1986); *Devine v. Pittsburg and Midway Coal Mining Co.,* 779 F.2d 50 (6th Cir.1985).