852 F.2d 569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold SPARKS, Petitioner,
v.
BETH-ELKHORN CORPORATION; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 87-3483.
 United States Court of Appeals, Sixth Circuit.
 July 20, 1988.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JAMES D. TODD, District Judge*.
 PER CURIAM.
 
 
 1
 A coal miner who was awarded black lung benefits by an administrative law judge here appeals the reversal of that award by the Benefits Review Board. The coal mine operator concedes that the Board reversed the award on the basis of a legal standard that our decision in York v. Benefits Review Board, 819 F.2d 134 (6th Cir.1987), held to be incorrect. The operator nonetheless argues that the reasoning in the Board's opinion justifies affirmance on an alternate basis. We disagree, and we shall remand the case for further proceedings.
 
 I.
 
 2
 Harold Sparks, who is now 66 years old, was employed as a coal miner for 36 1/2 years. He left his job with Beth-Elkhorn Corporation on December 30, 1976, because of a back injury he sustained while working on a conveyor. At the time he quit he had been experiencing shortness of breath for some four or five years.
 
 
 3
 The claimant filed a state workers' compensation claim in 1979. By the time of the hearing in this case he was drawing compensation of $96 per week pursuant to a determination that he had been totally disabled as a result of his back injury and as a result of his pneumoconiosis. The state workers' compensation board had ruled that if and when his back condition improved, the claimant would continue receiving his weekly benefits because of his pneumoconiosis.
 
 
 4
 The claimant applied for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901, et seq., on December 5, 1979. A favorable determination rendered by the Department of Labor was challenged by the claimant's employer, and this led to a hearing before an ALJ.
 
 
 5
 The ALJ summarized the claimant's testimony at the hearing as follows:
 
 
 6
 "Since Claimant quit work, he reported that his back is feeling better although he still has problems. (Tr. 27). His lungs, however, have gotten worse. (Tr. 27). He is not able to do any kind of work and he does not walk too much as he gets out of breath easily. (Tr. 27, 32). He wakes up at night when he coughs and wheezes. (Tr. 27). Claimant has been under medical treatment for heart and lung problems since 1976. (Tr. 28). He takes medication for his lung problems which is prescribed by his family physician, Dr. Arroz. (Tr. 28-29). Claimant quit smoking in 1980 after having smoked one pack a day for 20-25 years. Since Claimant quit work, he has had two operations on his back during 1977. (Tr. 41). Then, he had exploratory knee surgery. (Tr. 43). He stated that he was not able to return to work during the years 1978 through 1980 because of both his back and lung problems. (Tr. 46)."
 
 
 7
 Finding that the claimant's application for benefits had been filed before the effective date of the Part 718 regulations (March 31, 1980) and that the claimant had more than ten years of qualifying coal mine employment, the ALJ considered the applicability of the presumptions prescribed by 20 C.F.R. Sec. 727.203. The ALJ concluded that the claimant was entitled to an interim presumption of totally disability due to pneumoconiosis under Sec. 727.203(a)(1) because the more recent x-rays, taken between 1980 and 1981, indicated the presence of pneumoconiosis.
 
 
 8
 The presumption thus having been invoked, it became necessary to consider whether it had been rebutted under Secs. 727.203(b)(1)-(4). Because the claimant had not worked since 1976, rebuttal under (b)(1) was impossible. Rebuttal under (b)(2) was ruled out because, as the ALJ explained,
 
 
 9
 "Drs. Odom, Clarke, and Anderson indicated that Claimant had at least some degree of pulmonary impairment. None of these three doctors indicated that the impairment was not totally disabling. Dr. Cornish stated that he could not find evidence of significant pulmonary disability and that the pulmonary function test is probably within normal limits. Thus, Dr. Cornish appears to have found at least some degree of pulmonary impairment. Therefore, his statement regarding the results of the pulmonary function test is equivocal. Dr. Ploysongsang, who examined Claimant most recently in November, 1980, stated that Claimant's history is suggestive of chronic bronchitis. He added that the pulmonary function study results suggest a very mild degree of restrictive defect probably related to poor technique and poor cooperation of patient. Since none of the five remaining physicians found an absence of a ventilatory impairment or that such an impairment is not totally disabling, rebuttal is not supported under Sec. 727.203(b)(2)."
 
 
 10
 The ALJ held that (b)(3), which requires an employer to establish that the claimant's total disability did not arise in part or in whole out of his coal mine employment, was not relevant. In support of this conclusion the ALJ noted that "[a]lthough Dr. Ploysongsang stated that the chronic bronchitis was probably related to smoking, this conclusion is not sufficient to support rebuttal under (b)(3)." The ALJ added that "Dr. Ploysongsang's statement is too equivocal to cause the presumption to be rebutted under (b)(3)."
 
 
 11
 As to whether the interim presumption could be rebutted under (b)(4) by showing that the claimant did not have pneumoconiosis, the ALJ noted that "when consideration was given to the invocation of the presumption under Sec. 727.203(a)(1), the readings of the x-rays support a finding of the existence of pneumoconiosis." The ALJ made an award of benefits to commence as of December 1, 1979.
 
 
 12
 The employer took the case to the Benefits Review Board and argued there that the ALJ had erred in finding no rebuttal under Secs. 727.203(b)(2) and (b)(3). The Board reversed, holding that the interim presumption should have been determined to be rebutted under (b)(2). The Board said that "a party opposing entitlement may rebut the interim presumption by demonstrating that the miner does not suffer a respiratory or pulmonary impairment or that such impairment does not result in total disability; i.e., that the miner can perform his usual coal mine work or comparable and gainful work. See Miles v. Central Appalachian Coal Co., 7 BLR 1-744 (1985)." The Board went on to say that the ALJ should not have disregarded "Dr. Anderson's deposition testimony that claimant had no functional disability due to pneumoconiosis ... [S]uch a diagnosis provides substantial evidence to support subsection (b)(2) rebuttal." The Board reasoned that "[a]lthough Dr. Anderson also testified that claimant had an occupational disability in certain situations based on his x-ray evidence of pneumoconiosis, ... such an occupational disability does not defeat rebuttal at subsection (b)(2). See generally Coleman v. Harman Mining Corp., 6 BLR 1-601 (1983)."
 
 
 13
 The Board found that the reports of Dr. Ploysongsang and Dr. Cornish provided support for Dr. Anderson's conclusion:
 
 
 14
 "Dr. Ploysongsang, interpreting a pulmonary function study, diagnosed a very mild degree of restrictive defect. Director's Exhibit 18. In considering invocation at subsection (a)(4), the administrative law judge specifically credited the opinions of Drs. Anderson and Ploysongsang over those of Drs. Odom and Clarke 'for purposes of determining respiratory disability.' Decision and Order at 9. As credited, then, these reports constitute substantial evidence to support a finding of rebuttal under subsection (b)(2). Dr. Cornish also testified in deposition that he could find no evidence of a significant pulmonary disability. Director's Exhibit 15 at 7. We hold that the administrative law judge erred in his rebuttal finding under subsection (b)(2) by determining that the reports of Drs. Ploysongsang and Cornish fail to affirmatively diagnose an absence of impairment. See King v. Consolidation Coal Co., 8 BLR 1-262 (1985); Wetzel v. Director, OWCP, 8 BLR 1-139, 1-142 (1985). Dr. Anderson's opinion of no functional disability due to pneumoconiosis and Dr. Ploysongsang's diagnostic interpretation of 'a very mild degree of restrictive defect,' further corroborrated by Dr. Cornish's diagnosis of 'no evidence of a significant pulmonary disability,' establish subsection (b)(2) rebuttal as a matter of law. See Wheaton v. North America Coal Corp., 8 BLR 1-21 (1985)."
 
 
 15
 Finally, since rebuttal was appropriate under (b)(2), the Board declined to "address employer's contentions concerning rebuttal under subsection (b)(3)." And "resolution of rebuttal at subsection (b)(2)" was said to "preclude[] entitlement under Part 410, Subpart D."
 
 
 16
 The claimant has appealed, relying on York v. Benefits Review Board, 819 F.2d 134 (6th Cir.1987). The employer acknowledges that "[i]t must be conceded under this Court's recent decision in [York ] that the Benefits Review Board erred in identifying Subsection (b)(2) of Section 727.203 as an appropriate rebuttal provision in this case, since both Drs. Anderson and Ploy-Song-Sang [sic] indicated that claimant was disabled by conditions other than pneumoconiosis." The employer goes on to argue, however, that the Board "was correct in reversing the Administrative Law Judge's award of benefits, since the evidence and the factual findings of the Administrative Law Judge below did establish rebuttal as a matter of law under Subsection (b)(3) of Section 727.203."
 
 II.
 
 17
 It is uncontested that the claimant would have been totally disabled regardless of his pneumoconiosis. The only doctor who failed affirmatively to testify that the claimant's back injury was totally disabling by itself was Dr. Clarke, and he did not address that issue.
 
 
 18
 Where a claimant is totally disabled by a nonrespiratory impairment, an interim presumption of totally disabling pneumoconiosis is rebutted under (b)(3) if it is determined that the claimant would not be totally disabled by reason of his pneumoconiosis. If the claimant would not be totally disabled but for his totally disabling nonrespiratory impairments, in other words, the interim presumption falls. Wright v. Island Creek Coal Company, 824 F.2d 505 (6th Cir.1987). The ALJ's opinion indicates that he did not analyze (b)(3) rebuttal in accordance with the standard subsequently established in Wright, and therefore we cannot accept his rejection of rebuttal under (b)(3).
 
 
 19
 Neither can we simply affirm the Board's denial of benefits. The coal mine operator argues that we may use the Board's findings of fact under (b)(2) to affirm the denial of benefits under (b)(3). We disagree. The Board may determine whether substantial evidence does or does not support the ALJ's findings of fact, but it is not the Board's role to make findings of fact itself. Bizzarri v. Consolidation Coal Company, 775 F.2d 751, 753 (6th Cir.1985); Gibas v. Saginaw Mining Company, 748 F.2d 1112, 1116 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985). In this case there appears to be substantial evidence to support either a finding that the claimant is totally disabled from pneumoconiosis or a finding that he is not. The ALJ made no finding either way under (b)(3). In such a situation the Board cannot act as the fact finder. Cf. Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir.1986).
 
 
 20
 Accordingly, we REMAND the case to the Benefits Review Board with instructions to obtain a determination from the ALJ whether the claimant is totally disabled from his respiratory ailment, and whether the (a)(1) interim presumption has thus been rebutted under (b)(3). The claimant's entitlement under Part 410, Subpart D regulations should also be addressed.
 
 
 
 *
 The Honorable James D. Todd, District Judge, United States District Court for the Western District of Tennessee, sitting by designation