861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SHAMROCK COAL COMPANY, INC. Petitioner,
v.
Marion COLLINS and Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 88-3080.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1988.
 
 Before KEITH, RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner, Shamrock Coal Co. ("Shamrock") appeals from the decision of the Benefits Review Board ("BRB") awarding black lung disability benefits to claimant, Marion Collins ("claimant"). For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 In 1981, the claimant, a 55-year-old mine worker with an eighth-grade education, filed a supplemental claim[1] for black lung benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, later amended as 30 U.S.C. Sec. 901 ("Black Lung Benefits Act").[2] The Department of Labor denied the original claim on three occasions before granting the claimant benefits following a formal hearing before an administrative law judge ("ALJ").
 
 
 3
 When Title IV of the Federal Mine Safety and Health Act was substantially amended in 1977 by the Black Lung Benefits Reform Act of 1977 (Act) and Black Lung Benefits Revenue Act of 1977 codified at 20 C.F.R. Sec. 727, this claim was reconsidered according to the provisions of the revised Act which provided in pertinent part:
 
 
 4
 Any person who has filed a claim for benefits under section 415 or Part C of Title IV of the Act and whose claim was pending or had been denied on or before March 1, 1978, shall have the claim automatically reviewed by the Secretary of Labor.
 
 
 5
 20 C.F.R. 727.107(b)(3). According to Sec. 727.201 "[b]enefits are provided under the Act to a miner who is totally disabled due to pneumoconiosis."[3] A miner who has been employed in the industry for at least ten years is entitled to a rebuttable presumption of total disability due to pneumoconiosis. In this case, claimant alleged 20 years of coal mine employment while Shamrock was only willing to stipulate to ten years. The ALJ found the stipulation reasonable and maintained that an interim presumption would be established in favor of the claimant so long as the claimant could not meet his burden of proof.[4]
 
 II.
 
 6
 The medical evidence submitted by claimant satisfied some of the medical criteria required by Sec. 727.203(a). The chest X-ray taken in 1975 failed to establish the existence of pneumoconiosis when read by the Board Certified Radiologist. However, according to the ventilatory studies conducted in 1975 and 1980, both were conforming (met the requirements of 20 C.F.R. Sec. 410.430) and produced qualifying values equal to or less than the table values.[5] Accordingly, these pulmonary studies satisfied the presumption under Sec. 727.203(a)(2).
 
 
 7
 Additionally, further investigation and evaluation of the medical evidence revealed that the blood gas studies and other medical evidence were insufficient to establish the presumption of total disability under Sec. 727.203(a)(3) and (a)(4) respectively. Once a claimant has successfully invoked the interim presumption, the burden shifts to the employer to rebut the presumption. Similarly, in this case, claimant successfully established a presumption under Sec. 727.203(a)(2); however, Shamrock attempted to rebut the presumption and deny benefits.
 
 III.
 
 8
 Section 727.203(b) governs the conditions for rebuttal. Section 727.203(b)(1) will permit rebuttal if the claimant is employed in coal mine or other comparable work at the time of the hearing. This rebuttal was not available to Shamrock as the claimant had been unemployed since 1974.
 
 
 9
 If the employer can establish claimant's ability to perform his usual coal mine work or other comparable work the interim presumption may be revoked. Section 727.203(b)(2). Shamrock alleges that the claimant did not have pneumoconiosis evidenced by claimant's own admission that his disability was actually caused by his back injury. Shamrock also argues that claimant's respiratory problems were probably caused by hypertension and obesity and not pneumoconiosis. Accordingly, Shamrock contends that it met its burden by showing the "non-existence" of a totally disabling respiratory or pulmonary impairment arising out of claimant's coal mining employment. However, this is an incorrect interpretation of Sec. 727.203(b)(2).
 
 
 10
 We previously held that "under Sec. 727.203(b)(2), the employer must prove that in light of all the relevant evidence ... the individual is able to do his usual coal mine or comparable and gainful work...." York v. Director, Office of Workers' Compensation Programs, 819 F.2d 134, 137 (6th Cir.1987) (emphasis added). It would be error to conclude that the interim presumption was rebutted simply because something other than pulmonary or respiratory impairments contributed to Bradley's total disability. Although the medical reports did not represent affirmative evidence that claimant's respiratory impairment is not totally disabling, the medical evidence did prove that Bradley was unable to do his usual coal mine work or comparable work. The ALJ was justified in denying rebuttal under Sec. 727.203(b)(2).
 
 
 11
 The regulations also permit rebuttal in situations where the miner's disability did not arise in whole or in part out of his coal mine employment. Section 727.203(b)(3). Under this section the burden is still on the employer to prove "that pneumoconiosis did not contribute to the disease." Moseley v. Peabody Coal Co., 769 F.2d 357, 361 (6th Cir.1985). Shamrock claims that they met their burden under this section since the medical evidence and claimant's testimony indicated that claimant's disability was caused by a ruptured disc, and therefore the BRB should not have denied rebuttal under Sec. 727.203(b)(3). We agree with the ALJ's findings that the medical report, submitted by Shamrock, did not conclusively prove that pneumoconiosis was not a contributing factor to claimant's disability. There was "no affirmative evidence of record which would tend to establish that claimant's impairment did not arise out of coal mine employment." (ALJ's opinion at 25). Moreover, a reviewing court (the BRB) may not substitute one inference with another simply because it finds one more reasonable than the other, so long as its decision is supported by substantial evidence. Peabody Coal Co. v. Benefits Review Board, 560 F.2d 797, 202 (7th Cir.1977).
 
 
 12
 Finally, section 727.203(b)(4) of the regulations allow rebuttal if the employer can show that the miner does not have pneumoconiosis. Although the claimant's X-ray failed to reveal evidence of a respiratory or pulmonary problem, rebuttal is not automatic on a showing of a negative chest X-ray, Edwards v. Central Coal Co., 7 BLR 1-712 (1985). Accordingly, as the claimant successfully invoked a presumption under Sec. 727.203(a)(2) and no other affirmative evidence was presented to rebut this presumption, we AFFIRM the Benefits Review Board's decision to award black lung benefits to the claimant.
 
 
 
 [1]
 The original claim was filed in 1974 when he quit his work in the mines because of a back condition
 
 
 [2]
 The Black Lung Benefits Act codified at 30 U.S.C. Sec. 901(a) provides:
 (a) Congress finds and declares that there are a significant number of coal miners living today who are totally disabled due to pneumoconiosis arising out of employment in one or more of the Nation's coal mines; that there are a number of survivors of coal miners whose deaths were due to this disease; and that few States provide benefits for death or disability due to this disease to coal miners or their surviving dependents. It is, therefore, the purpose of this subchapter to provide benefits, in cooperation with the States, to coal miners who are totally disabled due to pneumoconiosis and to the surviving dependents of miners whose death was due to such disease; and to ensure that in the future adequate benefits are provided to coal miners and their dependents in the event of their death or total disability due to pneumoconiosis.
 
 
 [3]
 "Pneumoconiosis is a chronic dust disease of the lung and its sequelae including respiratory and pulmonary impairments arising out of coal mine employment." 20 C.F.R. Sec. 727.202
 
 
 [4]
 A claimant must meet at least one of the following medical requirements to invoke an interim presumption of total disability:
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis;
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease as demonstrated by values which are equal to or less than the values specified in the following table:
 ---------------------------------
 Equal to or less
 than--
 ------------------
HEIGHT FEV sub1 MVV
---------------------------------
67" or less .... 2.3 92
68" ............ 2.4 96
69" ............ 2.4 96
70" ............ 2.5 100
71" ............ 2.6 104
72" ............ 2.6 104
73" or more .... 2.7 108
---------------------------------
 (3) Blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood as indicated by values which are equal to or less than the values specified in the following table:
 -------------------------------------------------
 Arterial pCO sub2 equal to
Arterial pO sub2 --or less than (mm. Hg.)
-------------------------------------------------
30 or below ........ ............. 70.
31 ................. ............. 69.
32 ................. ............. 68.
33 ................. ............. 67.
34 ................. ............. 66.
35 ................. ............. 65.
36 ................. ............. 64.
37 ................. ............. 63.
38 ................. ............. 62.
39 ................. ............. 61.
40-45 .............. ............. 60.
Above 45 ........... ............. Any value
-------------------------------------------------
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment;
 (5) In the case of a deceased miner where no medical evidence is available, the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrates the presence of a totally disabling respiratory or pulmonary impairment.
 
 
 [5]
 Compare Claimant's pulmonary function studies to the code criteria in the preceding footnote:
 Date Age Height FEV sub1 MVV
1/23/75 48 71 1.611 39.045
3/18/80 54 71 1.896 53.43