7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ISLAND CREEK COAL COMPANY; Old Republic Insurance Company,
Petitioners,
v.
Willard C. JUSTICE; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 92-4237.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 Before: KEITH, GUY, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioners, Island Creek Coal Company and Old Republic Insurance Company, appeal from the award of black lung benefits to claimant, Willard Justice.
 
 
 2
 Upon a review of the administrative record, we affirm on the basis of the December 22, 1988, decision of the administrative law judge (ALJ) as reviewed in the November 5, 1992, decision by the Benefits Review Board. We write additionally only for further clarification.
 
 I.
 
 3
 Willard Justice initially filed for black lung benefits on October 15, 1975. A hearing was held before an ALJ in 1979, and by agreement of the parties the matter was remanded because the medical evidence was incomplete. A new hearing was not held until August 31, 1984. On July 26, 1985, the ALJ issued an opinion and awarded benefits. An appeal was taken from the award, and on March 31, 1988, the Board issued a decision affirming in part and vacating in part the ALJ's decision and award.
 
 
 4
 In vacating the ALJ's 1985 award of benefits, the Board stated:
 
 
 5
 As this case arises within the jurisdiction of the United States Court of Appeals for the Sixth Circuit, in order to establish rebuttal pursuant to 20 C.F.R. § 727.203(b)(2), the administrative law judge must determine whether claimant is able to do his usual coal mine work or comparable and gainful work. Evidence that claimant suffers no totally disabling respiratory impairment is properly considered under subsection (b)(3). We agree with employer's contention that the administrative law judge improperly rejected the medical opinions of Drs. Morgan, O'Neill and Anderson....
 
 
 6
 We, therefore, vacate the administrative law judge's finding that the evidence is insufficient to establish rebuttal under Section 727.203(b)(2). On remand, the administrative law judge must consider the medical reports of Drs. Morgan, O'Neill and Anderson in their entirety.... Additionally, the medical opinions of Drs. Varney and Page, which advise against further coal dust exposure, fail to address claimant's physical capacity to do his usual coal mine work and thus do not establish total disability.... Therefore, on remand, the medical opinions of Drs. Varney and Page should not be considered relevant medical evidence under subsection (b)(2).
 
 
 7
 ... [W]e affirm the administrative law judge's finding that the evidence is insufficient to establish rebuttal under subsection (b)(3).
 
 
 8
 In the absence of any other allegations of legal or factual error, we affirm the administrative law judge's findings of invocation under Section 727.203(a)(1), (2) and finding that rebuttal was not established under subsections (b)(1), (4).
 
 
 9
 (App. 37, 38, 39) (citations omitted) (footnote omitted).
 
 
 10
 Shortly after the Board issued its remand order in 1988, the employer, Island Creek Coal, moved to reopen the record. As justification for its request, Island Creek argued:
 
 
 11
 4. Due to the changes in the "law" since the medical evidence was developed in this claim ( see, e.g., York v. Benefits Review Board, 819 F.2d 134 (6th Cir.1987); Kyle v. Director, 819 F.2d 139 (6th Cir.1987)), the Employer respectfully urges Your Honor to reopen the record and to allow both parties a reasonable amount of time to develop evidence in compliance with the new standards for establishing or defeating entitlement to benefits under Parts 410 and 727.
 
 
 12
 (App. 43.)
 
 
 13
 On remand, the ALJ denied the motion to reopen, addressed the issues raised by the Board, and again awarded benefits on December 22, 1988. Another appeal to the Board followed, and on November 5, 1992, the Board affirmed the award of benefits. This appeal followed.
 
 II.
 
 14
 The primary thrust of the employer's argument on appeal is that since our decision in York v. Benefits Review Board, 819 F.2d 134 (6th Cir.1987), was announced after the ALJ's decision in 1985 awarding benefits, the employer should have had the opportunity to offer new evidence. Under the facts of this case, we disagree. York is not a case helpful to employers because it increases their burden of rebuttal. York holds:
 
 
 15
 Under (b)(2), the director must prove that "in light of all relevant evidence ... the individual is able to do his usual coal mine work or comparable and gainful work...." The ALJ erred in finding the director had rebutted York's entitlement to benefits merely by proving that York was not totally disabled by his respiratory impairment. York's total disability included his back problems, bronchitis and other physical impairments.
 
 
 16
 Id. at 137.
 
 
 17
 In York, the miner had been denied benefits. Thus, the effect of our holding was to award the miner benefits on the basis of the presumption of disability which had not been rebutted. We were able to do so because the panel also determined that evidence was sufficient to support a finding that although York "was not disabled by the respiratory impairment [he was disabled] by his back injury and non-work related bronchitis...." Id.
 
 
 18
 In a later case, Harlan Bell Coal Co. v. Lemar, 904 F.2d 1042 (6th Cir.1990), the ALJ in a pre-York decision denied the claimant benefits, concluding that the employer had successfully rebutted the interim presumption under 20 C.F.R. § 727.203(a)(1) pursuant to section 727.203(b)(2). When York came down, just before the ALJ issued his order of denial, the miner appealed, claiming the benefit of York. The Board reversed. The Board's reversal was predicated on the fact that Lemar suffered from back and heart problems as well as respiratory or pulmonary problems. The Board reasoned that "the medical evidence of Lemar's disabling back, heart and respiratory or pulmonary impairments precluded rebuttal of the interim presumption." Harlan Bell, 904 F.2d at 1045. Harlan Bell argued on appeal that since the Board found disability for reasons it, as the employer, never had to address before York, it was entitled to an opportunity to present evidence on the non-respiratory ailments. We agreed and reversed and remanded.
 
 
 19
 Although Island Creek relies heavily on Harlan Bell, this reliance is misplaced. Here, the ALJ concluded initially that positive x-rays (section 727.203(a)(2)) and pulmonary function studies (section 727.203(a)(2)) were both sufficient to invoke the interim presumption of disability from pneumoconiosis. The employer unsuccessfully tried to rebut. When the Board sent the case back, it was primarily because the ALJ gave inadequate reasons for rejecting some of the employer's proffered medical testimony. On remand the ALJ expanded on her reasons, and this time the Board affirmed. This case, unlike York and Harlan Bell, did not involve a finding of disability on grounds other than respiratory impairment. Since the employer already had an opportunity to rebut the presumption invoked under subsections (a)(1) and (a)(2), there was no reason to introduce new medical evidence on non-respiratory ailments. Although Justice did have other potentially disabling medical conditions, they did not constitute the underpinnings for the ALJ's award of benefits.
 
 
 20
 Stated another way, although this is a post-York case, it does not require the application of the principle enunciated in York.
 
 
 21
 This brings us now to a determination of whether substantial evidence supports the ALJ's conclusion as to disability. The Board was satisfied that after the remand the ALJ successfully explained away the medical testimony non-supportive of disability. Applying the same standards as the Board, we agree. Another might interpret this medical evidence in a different light, but we are unable to say the ALJ was wrong in her interpretation.
 
 
 22
 AFFIRMED.