**PEABODY COAL COMPANY and Old Republic Insurance Company, Petitioners,**

v.

**Marvin FERGUSON and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 97–3050.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 12, 1997.

Decided April 1, 1998.

Laura Metcoff Klaus (briefed), Mark E. Solomons (briefed), Arter & Hadden, Washington, DC, for Peabody Coal Company.

C. Dale Bartlett, Gregory B. Hill (briefed), Hartford, KY, for Ferguson.

Patricia Nece, Edward Waldman, U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Director, Office of Workers' Compensations Programs.

Before: RYAN, COLE, and CLAY, Circuit Judges.

CLAY, J., delivered the opinion of the court, in which COLE, J., joined. RYAN, J. (p. 637), delivered a separate concurring opinion.

## OPINION

CLAY, Circuit Judge.

Petitioners, Peabody Coal Company ("Peabody") and Old Republic Insurance Company, appeal the decision of the Administrative Law Judge ("ALJ") Charles Rippey granting black lung benefits to respondent, Marvin Ferguson ("Ferguson"). The Benefits Review Board of the Department of Labor ("Board") affirmed the ALJ's decision. For the reasons set forth below, we **REVERSE** the Board's order and **REMAND** for further proceedings.

### I.

On April 25, 1979, Ferguson filed a claim under the Black Lung Benefits Act (the "Act"), 30 U.S.C. § 901–945, against his employer Peabody and its insurance carrier. On February 4, 1981, while Ferguson's case was pending, Ferguson died. His wife continued the suit. On June 14, 1982, the ALJ granted Ferguson's claim, and awarded benefits. The ALJ reviewed Ferguson's claim pursuant to 20 C.F.R. § 727.203, which provides an interim presumption if certain conditions are met. The ALJ found that Ferguson qualified for the interim presumption because he filed his claim prior to April 1, 1980, was employed with the coal mines in excess of ten years, and established by x-ray, autopsy, and a blood test, the existence of pneumoconiosis. The ALJ then turned to rebuttal. Under § 727.203(b), an employer can rebut the presumption if:

(1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work; or

(2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work; or

(3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or

(4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.

The ALJ found that Peabody had not rebutted the presumption pursuant to any of the four methods. Peabody appealed this decision arguing that the ALJ erred by not considering the reports of Dr. Gallo and Crowder. Peabody further asserted that the ALJ erred by assigning less weight to Dr. Pitzer's autopsy report. Finally, Peabody contended that the ALJ erred as to (b)(3) rebuttal, because Ferguson's death was due to a heart attack and not pneumoconiosis.

On December 10, 1985, the Board remanded the case back to the ALJ holding that Dr. Gallo and Crowder's reports were relevant to (b)(2) rebuttal, thus, the ALJ erred in not considering these reports. However, the Board found no error as to the ALJ's decision regarding (b)(3). On remand the ALJ again awarded benefits. Peabody again appealed to the Board.

While Peabody's appeal was pending, this Court decided *York v. Benefits Review Bd.*, 819 F.2d 134 (6th Cir.1987). In *York*, this circuit changed the standard in (b)(2) and held that an employer cannot "rely upon a showing the miner was not totally disabled

by the respiratory impairment alone. Rather, they must show the miner is not disabled." *Id.* at 138. The previous standard only required proof that the employee was not totally disabled due to any respiratory or pulmonary impairment.

On August 28, 1989, the Board *sua sponte* applied *York* and held that Peabody failed to establish rebuttal under (b)(2). Thus, the Board affirmed the ALJ's decision to award benefits. Peabody filed a motion for reconsideration and argued, among other things, that it was entitled to respond to the changes in law under both (b)(2) and (b)(3).

While Peabody's motion was pending, this Court decided the *Harlan Bell Coal Co. v. Lemar* case. 904 F.2d 1042 (6th Cir.1990.) In *Lemar,* this Court held that an employer is entitled to a new hearing, in order to have an opportunity to rebut evidence, if the employer presented evidence based on *pre-York* standards, but the ALJ hearing was decided pursuant to *post-York* standards; thus based on a new legal standard. *Id.* at 1049.

In light of *Lemar,* on December 9, 1992, the Board granted Peabody's motion for reconsideration and vacated the ALJ's determination that rebuttal was not established under (b)(2). The case was remanded back to the ALJ for further consideration of the evidence.

On remand, Peabody submitted new evidence in support of its contention that rebuttal was established under both (b)(2) and (b)(3). On May 4, 1995, the ALJ again awarded benefits finding proof insufficient for (b)(2) rebuttal. The ALJ noted that

> the Employer discusses possible rebuttal under § 727.203(b)(3) of the regulations. That part of Employer's argument is disregarded since this matter is before me solely for reconsideration of § 727.203(b)(2) rebuttal, the Benefits Review Board having explicitly affirmed my finding that there was no rebuttal under § 727.203(b)(3) of the regulations.

(J.A. at 12.)

Peabody again appealed to the Board. It asserted that the ALJ erred in not reconsidering whether rebuttal was established under (b)(3). Peabody also contended that, the ALJ failed to consider all of the relevant evidence, in order to make a proper (b)(2) determination.

The Board affirmed the award of benefits. As to Peabody's contentions regarding (b)(3), the Board held:

> Inasmuch as employer further failed to challenge on reconsideration the administrative law judge's weighing of the rebuttal evidence relevant to subsection (b)(3), and the Board addressed only subsection (b)(2) in its order granting reconsideration, the administrative law judge properly declined to consider employer's arguments regarding (b)(3) rebuttal. To do so would have exceeded the scope of the Board's remand order. Therefore, we reject employer's argument.

(J.A. at 9) (citations omitted).

Peabody filed for reconsideration. On November 21, 1996, the Board denied the motion. Peabody now appeals to this Court.

## II.

■ This Court must affirm the ALJ's decision as long as it is supported by substantial evidence and is in accordance with applicable law. *Peabody Coal Co. v. Greer,* 62 F.3d 801, 804 (6th Cir.1995). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citations omitted.) This Court has plenary power to review the Board's legal conclusions. *Id.* (citations omitted.)

■ In *Greer,* this Court noted that the *York* decision substantially changed the employer's strategy in dealing with rebuttal pursuant to (b)(2). *Greer,* 62 F.3d at 804. Prior to *York,* an employer could establish rebuttal relatively easy under (b)(2) by showing that the employee was not totally disabled due to his respiratory or pulmonary functions. *Id.* On the other hand, if the employee was totally disabled due to respiratory or pulmonary impairment, then the employer would turn to (b)(3) which required a showing that the employment was not the cause, in whole or in part, of the disability. *Id.* The (b)(3) showing was much more diffi-

cult. *Id.* Thus prior to *York,* employers would most likely present evidence in support of (b)(2), the easier rebuttal subsection, and present little to no evidence in support of (b)(3). Because these two subsections are in conflict with each other, this approach made the most sense. The employer could not have been expected on the one hand to argue under (b)(2) that the employee had no respiratory impairment and then argue under (b)(3) that the supposedly non-existent respiratory impairment was not caused, in whole or in part, by the employment.

After *York* the (b)(2) standard changed and rebuttal under (b)(3) became easier than rebuttal under (b)(2). *Id.* Now in order for an employer to rebut under (b)(2), the employer had to make a showing that the employee was not totally disabled due to *any* impairment, not just a respiratory impairment alone. *Id.* "Under (b)(3), however, the employer could still rebut by showing that the [employee's] 'total disability' was caused by something other than pneumoconiosis." *Id.*

This Court has consistently held that, due process requires that an employer be able to present new evidence to address changes in legal standards. *See Cal–Glo Coal Co. v. Yeager,* 104 F.3d 827, 832 (6th Cir.1997); *Greer,* 62 F.3d at 806; *Lemar,* 904 F.2d at 1049. In *Yeager,* we held that the "[Board] commits a manifest injustice if it refuses to allow the employer to present new evidence to the ALJ that the employer believes will establish rebuttal either under the post-York standards applicable to § 727.203(b)(2) or *another regulatory subsection.*" *Id.* (emphasis added). The *Yeager* case, also, refers to and affirms the *Lemar* decision. In *Lemar,* this Court held that the employer's right to a hearing

> encompasses not only the right to present evidence, but also the right to rebut the claims of [the employee] under the correct legal standards.... [The employer] must

be granted an opportunity to present evidence directed at the post-York standards as such evidence is necessary to the full presentation of [the employer's] defense.

904 F.2d at 1049. (citations omitted).

This Court in *Yeager* concluded that,

> [Lemar] quite clearly requires that [the employer] have an opportunity to present new evidence in light of the altered York standard.... Prior to York, [the employer] had no reason to attempt to satisfy either the then-nonexistent York standard, or the (b)(3) standard, which at the time was more difficult to satisfy than (b)(2). As it stands now, however, [the employer] may be able to present evidence that could satisfy *either standard,* and it should have the chance to do so.

104 F.3d at 832.

In the case at hand, Peabody presented new evidence as to (b)(2) and (b)(3), however, the ALJ refused to consider the new evidence as to (b)(3), and thus, only considered (b)(2) rebuttal. This was error. It is clear that Peabody was entitled to reconsideration as to both (b)(2) and (b)(3).[1] Thus, in accord with *Yeager,* the Board committed a manifest injustice by denying Peabody full consideration.

### III.

For the foregoing reasons, we **REVERSE** the Board's order, and **REMAND** the case to the Board, with instructions to send this matter back to the ALJ for reconsideration as to (b)(3) rebuttal.

RYAN, Circuit Judge, concurring.

In my judgment, this case is directly and completely controlled by this court's recent decision in *Peabody Coal v. White,* 135 F.3d

---

1. It should be noted that had the Board affirmed the ALJ's finding that rebuttal was not established under (b)(2) based on Pre–*York* standards, instead of applying *York sua sponte,* the employer would have been prohibited from submitting new (b)(2) evidence. If the Board would have affirmed based on Pre–*York* standards, (b)(2) rebuttal would have never been establish prior to *York.* Accordingly, Peabody would not have been allowed to submit new evidence Post– *York* to satisfy a more rigorous (b)(2) standard. *See Peabody Coal Co. v. White,* 135 F.3d 416, 419–20 (6th Cir.1998).

416 (6th Cir. 1998). Therefore, I concur in the court's judgment of reversal and remand.