William NEACE, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, U.S. DEPT. OF LABOR AND BENEFITS REVIEW BOARD, Respondents.

No. 86–3756.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 17, 1987.

Decided June 15, 1989.

Nancy M. Collins (argued), Hollon, Hollon, & Hollon, Hazard, Ky., for petitioner.

J. Michael O'Niell, Donald S. Shire, [Director], Associate Sol., U.S. Dept. of Labor, Roscoe C. Bryant, III (argued), Sylvia Kaser, Washington D.C., for respondents.

### SUPPLEMENTAL OPINION

Before JONES, WELLFORD and BOGGS, Circuit Judges.

WELLFORD, Circuit Judge.

The court issued an opinion in this black lung disability benefit claim controversy on January 30, 1989, 867 F.2d 264, (6th Cir.) remanding the case for "further consideration of Neace's claim for benefits under Part B of the Act, with consideration to be given to Neace's age, education and work experience or skills." (Judge Jones dissented, indicating that he would reverse and award benefits.) Both parties have filed petitions for rehearing. Neace, in effect, asks that the panel majority reconsider and adopt the view of the dissent. In the alternative, Neace asks that we remand to direct the ALJ to consider the evidence in light of *York v. Benefits Review Board*, 819 F.2d 134 (6th Cir.1987) (decided after the ALJ's decision and after briefs were filed in this court).

The Director filed a petition for rehearing claiming that the decision of another panel of this court, issued one week before

the decision in this case, *Youghiogheny & Ohio Coal Co. v. Milliken,* 866 F.2d 195 (6th Cir.1989), "precludes remand for consideration of vocational evidence under Part B criteria." Thus the Director asks that we affirm the administrative decision in this case.

In Neace's petition for rehearing, he concedes that the Director does not have to "prove job availability to establish rebuttal," but also urges that the ALJ must rather consider all relevant evidence on remand, not exclusively medical evidence.

Upon consideration of the respective petitions and the responses filed thereto, we reiterate our decision to remand the case to the ALJ for reconsideration as to whether Part B criteria are applicable in light of *Pittston Coal Group v. Sebben,* —— U.S. ——, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988); *Prater v. Hite Preparation Co.,* 829 F.2d 1363, 1366 n. 2 (6th Cir.1987); *York v. Benefits Review Board, supra;* and *Youghiogheny & Ohio Coal Co. v. Milliken, supra.* (The claim at issue in *Milliken,* unlike the instant case, however, was a Part C claim only. What was stated with respect to a Part B claim in *Milliken* may therefore be dicta in respect to rebuttal criteria under Part B). We do not deem *Milliken* to *mandate* a different result, and we therefore deny the respondent's petition for rehearing that suggests we must affirm the denial of benefits.

Judge Jones adheres to his dissent.

We REMAND the case as herein indicated.