889 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray CAMPBELL, Petitioner-Appellant,
v.
FALCON COAL COMPANY, INC., and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents-Appellees.
 No. 88-3628.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1989.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and RONALD E. MEREDITH, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Petitioner Ray Campbell appeals from the Benefits Review Board's affirmance of the Administrative Law Judge's (ALJ) denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. He argues that the ALJ erred in assessing his claim under 20 C.F.R. Sec. 727.203 rather than 20 C.F.R. Sec. 410.490. Petitioner also contends that the ALJ's finding of rebuttal under 20 C.F.R. Sec. 727.203(b)(2) that he can do his coal mine work or comparable gainful work, and under Sec. 727.203(b)(3) that his disability did not arise in whole or part out of his coal mine employment, are not supported by substantial evidence.
 
 
 2
 We conclude that the ALJ evaluated petitioner's claim under the appropriate regulation and that substantial evidence supported the ALJ's determination of rebuttal under 20 C.F.R. Sec. 727.203(b)(2), we affirm.
 
 I.
 
 3
 On February 13, 1980, petitioner filed an application for black lung benefits. On November 4, 1985, after a hearing, the ALJ issued a decision denying benefits. The ALJ found that petitioner worked 15 1/4 years in surface coal mines and for the most part operated bulldozers. The ALJ noted the x-ray evidence conflicted in that all four readers of the September 4, 1980 x-ray determined that the x-ray was negative for pneumoconiosis while three readers of the July 30, 1984 x-ray found the x-ray indicated petitioner had 1/0 pneumoconiosis as a result of his coal mining employment. One reader of the July 30, 1984 x-ray concluded that the x-ray was negative for pneumoconiosis. The ALJ resolved the conflicting x-ray evidence in claimant's favor and held that under 20 C.F.R. Sec. 727.203(a)(1), petitioner was entitled to invoke the interim presumption of eligibility based on the July 1984 x-ray. However, the ALJ found that the interim presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2) and (b)(3) based on the medical opinion of Dr. Wright that petitioner was able to return to coal mine work. The ALJ indicated that Dr. Pelligrini's opinion, based on his July 1984 examination, that petitioner ought to refrain from mining since further exposure to the mining environment "might prove injurious to his pulmonary status" was insufficient to render petitioner's pulmonary impairment totally disabling.
 
 
 4
 On December 31, 1987, the Benefits Review Board affirmed the ALJ's decision that the claimant's presumed entitlement to benefits was rebutted under 20 C.F.R. Sec. 727.203(b)(2). Since the Board affirmed the ALJ's decision under subsection (b)(2), it declined to address rebuttal under 20 C.F.R. Sec. 727.203(b)(3). However, the Board remanded the case because it found petitioner was entitled to have his claim reviewed under 20 C.F.R. Sec. 410.490 pursuant to Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.1987), cert. denied, 109 S.Ct. 566 (1988). The employer then moved for reconsideration and the Board vacated its remand order and affirmed the ALJ's denial of benefits. In rescinding the remand, the Board relied on an unrelated decision in which it had held that Sec. 410.490 was invalid under the Administrative Procedures Act as applied to claims arising under Part C. See Whiteman v. Boyle Land & Fuel Co., 11 BLR 1-99 (1988). Petitioner then sought review in this court.
 
 II.
 
 5
 Petitioner argues that the Board erred in holding Sec. 410.490 invalid and urges this court to remand the case for consideration of the applicability of the Part 410 regulations. We need not decide whether the court erred in holding Sec. 410.490 invalid, however, because under Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195 (6th Cir.1989), it is clear that Part 410 regulations do not apply to this case.
 
 
 6
 The date of a claim for black lung benefits determines which set of regulations applies. Part B claims are claims filed before July 1, 1973 and are governed by Part 410 of the regulations. Part C claims are claims filed on or after July 1, 1973. Milliken, 866 F.2d at 198. Claims filed after April 1, 1980, are evaluated under Part 718 and Sec. 725.4(a). Claims filed between July 1, 1973 and April 1, 1980, are governed in the first instance by interim regulations set forth in Part 727. Milliken, 866 F.2d at 198.
 
 
 7
 Under this scheme, petitioner's claim filed on February 13, 1980 would be evaluated under the interim regulations in Part 727. However, in Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.1987), we required a claim filed during the 1973-1980 period to be considered under Part 410 rather than Part 727 since the Part 727 regulations were "more restrictive" than the former regulations in contravention of 30 U.S.C. Sec. 902(f)(2) insofar as Part 727 required ten years of coal mine employment in order to invoke a presumption of total disability due to pneumoconiosis arising out of coal mine employment and Part 410 included no such requirement. The petitioner in Kyle had been a coal miner for eight and one-half years.
 
 
 8
 Subsequent to Kyle, supra, and Pittston Coal Group v. Sebben, 488 U.S. ----, 109 S.Ct. 414, 102 L.Ed.2d. 408 (1988), several claimants have argued that the Part 727 regulations are more restrictive than the Part 410 regulations because the former provides more ways for an employer to rebut the presumption of disability. Part 727 would also be more restrictive in cases where an employer was permitted to rebut the presumption of disability under Sec. 727.203(b)(3) or (4), rebuttal criteria not provided by Sec. 410.490(c).
 
 
 9
 Such arguments have been rejected by this court. "We have explicitly declined ... to extend our holding in Kyle to the regulations governing rebuttal of the interim presumption." Milliken, 866 F.2d at 201 (emphasis in original). We held in Milliken that even where miners with fewer than ten years of coal mine employment were entitled to establish a presumption of disability under Part 410, the rebuttal portion of the Part 727 regulations continued to apply. Id. at 102. Milliken leaves no doubt that petitioner, who had more than ten years of coal mine employment and who filed his claim in February, 1980, was not entitled to have his claim evaluated under Part 410. The Board did not err in vacating its remand order.
 
 
 10
 Contrary to petitioner's contention, this court's decision in Neace v. Director, OWCP, 867 F.2d 264 (6th Cir.1989), reh. denied 877 F.2d 495 (6th Cir.1989), does not conflict with the decision in Milliken. The claim at issue in Neace was a Part B claim, that is, one filed before July 1, 1973, and the issue in Neace was whether Sec. 410.490 applied to a Part B claim, not whether Sec. 410.490 applied to a Part C claim like petitioner's. Neace, 867 F.2d at 269; Neace (on rehearing), 877 F.2d at 496.
 
 
 11
 Petitioner also argues that the ALJ's determination that the interim presumption was rebutted under Sec. 727.203(b)(2) was not supported by substantial evidence. Pursuant to Sec. 727.203(b)(2), a presumption under Sec. 727.203(a) is rebutted if in light of all relevant medical evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work. York v. Benefits Review Board, 819 F.2d 134, 138 (6th Cir.1987). Such rebuttal is solely a matter of medical evidence. Ramey v. Kentland Elkhorn Coal Co., 755 F.2d 485, 489 (6th Cir.1985).
 
 
 12
 In concluding that the presumption was rebutted under Sec. 727.203(b)(2), the ALJ relied on the testimony of Dr. Wright who had examined petitioner in September 1980 and concluded petitioner had the respiratory and physiological capacity to do coal mine work on an eight-hour basis. The ALJ found that Dr. Pelligrini's opinion did not contradict Dr. Wright's opinion since Dr. Pelligrini's statements that it would be medically inadvisable for petitioner to return to coal mine work because of the potential injurious effects of further coal, rock and sand dust exposure were insufficient to establish total disability. The ALJ noted that Dr. Pelligrini failed to set forth any respiratory or pulmonary limitations which would prevent petitioner from performing his usual coal mine work as a bulldozer operator. The Board affirmed the ALJ's determination of rebuttal pursuant to subsection (b)(2).
 
 
 13
 A medical opinion cautioning against further dust exposure does not constitute substantial evidence that a claimant is totally disabled from his usual coal mine employment unless the opinion also diagnoses total impairment and is supported by clinical evidence. Neace v. Director, OWCP, 867 F.2d 264, 268 (6th Cir.1989), reh. denied, 877 F.2d 495 (6th Cir.1989).
 
 
 14
 The ALJ's decision must be affirmed if supported by substantial evidence. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Co., 755 F.2d at 488. It is the ALJ who determines credibility and resolves inconsistencies in the testimony and evidence. Riley, supra, at 198. The ALJ weighed the pertinent medical evidence and had a rationale and substantial basis for its determination that the interim presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2).
 
 
 15
 Petitioner also argues that the ALJ's determination that the interim presumption was rebutted under Sec. 727.203(b)(3) is not supported by substantial evidence. Pursuant to Sec. 727.203(b)(3), a presumption of total disability under Sec. 727.203(a) is rebutted if the evidence establishes that the miner's total disability did not arise in whole or part out of the coal mine employment. This subsection deals with causation:
 
 
 16
 [i]f an employer is able to prove that pneumoconiosis played no part in causing a miner's disability, then the employer has satisfied the requirements of [this section]. Where, however, pneumoconiosis is a contributing cause to aminer's total disability, he is conclusively entitled to benefits.
 
 
 17
 Saginaw Mining Co. v. Ferda, 879 F.2d 198, 207 (6th Cir.1988) (quoting Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985)).
 
 
 18
 In Saginaw Mining, this court held that where there is no evidence suggesting that the miner's disability arose from anything other than his coal mine employment, a doctor's opinion that the miner suffers no impairment is insufficient for rebuttal under subsection (b)(3). 879 F.2d at 207.
 
 
 19
 In this case, the ALJ determined that the interim presumption was rebutted under subsection (b)(3) based upon Dr. Wright's opinion that claimant had no disability. Since there was no testimony suggesting that petitioner's presumed disability under Sec. 727.203(a) arose from anything other than coal mine work, the ALJ erred in finding rebuttal under Sec. 727.203(b)(3). However, the Board did not rely on the ALJ's finding of rebuttal under Sec. 727.203(b)(3) to uphold the denial of benefits. Instead the Board upheld the ALJ's finding of rebuttal under subsection (b)(2). Therefore, the ALJ's error does not require reversal.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable Ronald E. Meredith, United States District Judge for the Western District of Kentucky, sitting by designation