966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert HENSLEY, Petitioner,
v.
EASTERN COAL CORPORATION, and Director, Office of Workers'
Compensation Programs U.S. Department of Labor, Respondents
 No. 91-3715.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1992.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and COHN, District Judge*
 PER CURIAM.
 
 
 1
 Robert Hensley's application for "black lung" disability benefits under the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 901, was denied by a Department of Labor Administrative Law Judge. The ALJ's decision was affirmed by the Department's Benefits Review Board. We affirm.
 
 I.
 
 2
 Robert Hensley filed a claim for black lung benefits in 1981, after working in coal mines for over thirty years. Most of his work was performed below ground, and he spent his last five years of employment as a roof bolter, an underground job in which the worker pins the mine top with a roof bolting machine.
 
 
 3
 In October 1986, an ALJ awarded Hensley disability benefits finding that he suffered from pneumoconiosis (black lung disease), that the medical evidence established a rebuttable presumption of total disability, and that his employer failed to rebut this presumption. The Benefits Review Board affirmed the finding of pneumoconiosis but vacated the finding of total disability and remanded to the ALJ for further consideration of the medical evidence. On remand another ALJ determined that the evidence did not support a finding of total disability.
 
 II.
 
 4
 Those claiming black lung benefits may invoke a presumption of total disability by showing that they have been employed in underground coal mines for at least fifteen years and suffer from a totally disabling respiratory or pulmonary disease. 20 C.F.R. § 718.305. A living claimant may prove that he has a totally disabling disease by a variety of means including the reasoned medical judgment of a physician that a respiratory or pulmonary condition prevents the claimant from "engaging his or her usual coal mine work." 20 C.F.R. § 718.204(c)(4); 20 C.F.R. § 718.305(c) (total disability is to be proved in accordance with § 718.204(c)).[1]
 
 
 5
 It is clear that Hensley worked in underground coal mines for over fifteen years and suffers from pneumoconiosis. The issue on appeal is whether his pneumoconiosis is totally disabling.
 
 
 6
 The ALJ's determination that Hensley's condition is not one of total disability is conclusive as long as it is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). The ALJ's determination rested on his finding that Hensley's work as a roof bolter entailed moderate manual labor and that the medical opinions submitted best supported the position that Hensley's pneumoconiosis did not preclude him from continuing in such employment.
 
 
 7
 Hensley first assails the characterization of his job as moderate manual labor rather than "heavy" manual labor. The ALJ's finding was based on the "Description of Coal Mine Work and Other Employment" form that Hensley submitted and signed. On this form he described his job requirements as "lifting 20 pounds 3 or 4 times per day" and "5 or 6 pounds 40 to 50 times per day." This evidence supports the conclusion that, while not light, Hensley's job did not entail heavy manual labor. Now Hensley asserts that his supplies alone weigh more than six pounds and therefore the ALJ's determination was in error. There is no such evidence in the record and Hensley's signed statement contradicts this assertion. Therefore, we reject the argument that the ALJ mischaracterized Hensley's employment requirements.
 
 
 8
 The finding that Hensley is not totally disabled by pneumoconiosis is based on the ALJ's assessment of the medical evidence. "[T]he ALJ [is] not bound to accept [medical opinion] evidence without weighing it and comparing it with the other medical evidence of record." Bradford v. Secretary of Health and Human Services, 803 F.2d 871, 873 (6th Cir.1986). The ALJ reviewed the reports of Dr. Clarke and of Dr. Myers, which corroborated Hensley's position, and found them unpersuasive because they did not account for the non-qualifying tests that they themselves had performed. In light of this significant internal contradiction, it was appropriate to discount the weight of these judgments.
 
 
 9
 Dr. Page recommended that Hensley be removed from the "dusty atmosphere of coal mining," and Dr. Wright concluded that Hensley is "occupationally disabled for coal mining and work in a dusty environment." Since they did not speak to the issue of total disability, the ALJ disregarded their opinions. It is established that "[t]o the extent that a medical opinion cautions against exposure to dust, but fails to find total impairment, that opinion is not required to be accepted as necessarily constituting a finding of total disability." Neace v. Director, Office of Workers' Compensation Programs, 867 F.2d 264, 268 (6th Cir.1989). Therefore, the ALJ was justified in discounting the opinions of Dr. Page and Dr. Wright was justified.
 
 
 10
 Against these significantly discounted opinions the ALJ weighed the medical judgments of Drs. Anderson, Broudy, and O'Neill. In a written report and a deposition, Dr. Anderson explained the tests he administered on Hensley, the results, and why the results indicate that Hensley is capable of continuing his coal mine employment. Dr. Broudy submitted a report specifically finding Hensley capable of continuing his coal mine employment. Dr. O'Neill asserted that Hensley could continue to perform his job but failed to explain this conclusion in light of his ventilation studies showing decreased flow velocity and diminished aeration. Consistent with his treatment of the opinions of Drs. Clarke and Myers, the ALJ discounted Dr. O'Neill's opinion. Nevertheless, the opinions of Drs. Anderson and Broudy establish that the clear weight of the medical evidence supports the conclusion that Hensley is not totally disabled. See id. Indeed, Hensley does not directly challenge or question the opinions of Drs. Anderson and Broudy.
 
 
 11
 Hensley testified to his "disabling shortness of breath." While an ALJ may take a claimant's own testimony into account, his determination regarding credibility and weight are to be accorded deference. The ALJ considered Hensley's testimony but concluded that it did not overcome the medical evidence. We see no reason to disturb this assessment.
 
 
 12
 The ALJ's decision to discount the evidence upon which Hensley's claim was based is supported by substantial evidence, as is his decision to credit the contrary evidence. Therefore, we affirm the denial of benefits.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Hensley has failed to establish total disability by any of the other methods available under section 718.204(c). None of his pulmonary function tests were qualifying and he does not have cor pulmonale. Hensley also underwent a battery of arterial blood-gas tests. Although one of these tests was qualifying, at least two tests administered more recently were non-qualifying. The ALJ concluded that the weight of the arterial blood-gas tests was against a finding of total disability. The non-qualifying tests constitute substantial evidence to support the ALJ's conclusion