980 F.2d 729
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glen ENDICOTT, Petitioner,
v.
BLACK HAWK MINING COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 92-3438.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1992.
 
 1
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 Glen Endicott, through counsel, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Further, the parties have waived oral argument in this case.
 
 
 3
 The claimant initially filed for benefits on February 27, 1984. His claim was denied and a hearing was held on the claim, after which the Administrative Law Judge (ALJ) issued a decision and order denying benefits, on March 16, 1988. The claimant did not appeal this decision, but filed a second claim within one year of that final order, which was considered a request for modification pursuant to 20 C.F.R. § 725.310. The Deputy Commissioner with the Office of Workers' Compensation Programs (OWCP) denied the request for modification. Endicott then requested a hearing and the claim was forwarded to an ALJ pursuant to this request. However, upon the discovery of new evidence, specifically that Endicott had developed non-Hodgkins lymphoma, the ALJ granted the claimant's request to remand to the Deputy Commissioner to determine whether there was a relationship between Endicott's pneumoconiosis and that disease. The Deputy Commissioner reviewed the additional medical evidence and, again, denied the request for modification.
 
 
 4
 The case was returned to the ALJ for review. At that time, all attorneys agreed that a decision and order could be issued without a second hearing, based on all evidence of record, including the new evidence submitted with the request for modification and the evidence already established in the file. On May 31, 1990, the ALJ issued his decision and order denying the request for modification, thus reaffirming the determination that Endicott was not entitle to benefits.
 
 
 5
 On appeal to the BRB, the Board determined that the ALJ's findings were supported by substantial evidence, and issued a decision and order affirming the denial of benefits, on March 18, 1992. On appeal, Endicott presents the same arguments presented to the BRB, specifically: 1) the ALJ failed to properly evaluate the evidence from Endicott's arterial blood gas studies and, in particular, the study producing qualifying results which was conducted by Dr. Ballard D. Wright on December 17, 1983; 2) the ALJ failed to note a pulmonary function test which revealed qualifying values, specifically the test ordered by Dr. Bashir Ameji on October 29, 1983; 3) the ALJ improperly evaluated the physicians' opinion of record which found Endicott totally disabled; and 4) because Endicott has shown a severe respiratory impairment which allegedly is "due in part to pneumoconiosis," the ALJ erred in finding Endicott not disabled under the regulations.
 
 
 6
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 Because Endicott's second claim was filed within one year after the ALJ's prior final decision, the ALJ properly construed the duplicate claim as a request for modification, pursuant to 20 C.F.R. § 725.310. 33 U.S.C. § 922, as incorporated by 30 U.S.C. § 932(a). Modification may be based upon mistake in fact or change in condition. The intended purpose of modification is to vest the fact-finder with broad discretion to correct mistakes, whether demonstrated by wholly new evidence, cumulative evidence, or merely after further reflection on the evidence initially submitted. O'Keeffe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 257 (1971) (per curiam). The ALJ appropriately considered all evidence that he had already considered in his first decision and order, along with the newly submitted evidence forwarded to him with the claimant's request for modification.
 
 
 8
 Because Endicott's original claim was filed on February 27, 1984, the ALJ properly applied Part 718 to the claim, as well as the 1981 amendments to the Black Lung Act. 20 C.F.R. § 718.2. In order to establish that a miner is entitled to benefits under this Part, a claimant must prove (1) that he has pneumoconiosis, (2) that his pneumoconiosis was due in part to his coal mine employment, and (3) that he is totally disabled by pneumoconiosis. Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence, except insofar as the miner is aided by a presumption. Adams, 886 F.2d at 820.
 
 
 9
 The parties agree that Endicott's pneumoconiosis was caused by his past coal mine employment. The sole issue remaining is whether the ALJ properly evaluated the medical evidence in determining that Endicott's pneumoconiosis has not caused him to become totally disabled. Under the regulations, a miner is considered "totally disabled due to pneumoconiosis" if the disease prevents the miner from performing his usual coal mine work or comparable and gainful work as defined under § 718.240(b)(2). To determine whether a claimant is totally disabled under Part 718, the ALJ must glean from the record and medical reports whether the claimant is able to perform the coal mine work he performed at the time he became allegedly disabled and whether he has become incapable of engaging in "gainful employment in the immediate area of his ... residence requiring the skills or abilities comparable to those of any employment in a mine or mines in which he ... previously engaged with some regularity over a substantial period of time." 20 C.F.R. § 718.204(b).
 
 
 10
 A thorough review of the administrative record and pleadings reveals that the ALJ summarized each piece of medical evidence contained in the record that would bear on the question of whether Endicott is entitled to benefits. Under Part 718, a pulmonary function test result may be evidence of total disability if the values are equal to or less than those listed in Appendix B to Part 718 for males of Endicott's age and height. Only the test ordered by Dr. Ameji on November 5, 1983, revealed values qualifying under these regulations. Contrary to the claimant's arguments, the ALJ did consider this qualifying test as described within the context of Dr. Ikram's examination report. Therefore, Endicott's argument that the ALJ "failed to note" a qualifying test of record is without merit. The ALJ's finding that the pulmonary functions study results, when weighed together, do not show total disability under § 718.204(c)(1) is supported by substantial evidence.
 
 
 11
 Similarly, the claimant's argument is without merit that the ALJ did not properly evaluate the arterial blood gas study evidence of record. Only one of the six sets of values produced by these tests was qualifying under Appendix C to Part 718. Endicott's argument, on appeal, is that the most recent test ordered Dr. Broudy produced results which "basically duplicated" Dr. Wright's results in 1983, which were qualifying. However, the claimant's argument that the values produced in 1989 came "extremely close to qualifying" nonetheless is not sufficient evidence to disturb the ALJ's finding that the overwhelming weight of this evidence does not support total disability as defined under § 718.204(c)(2).
 
 
 12
 Endicott also attacks the ALJ's method of weighing the various physicians' opinions in regard to the issue of total disability. Specifically, Endicott states that the ALJ improperly discredited certain opinions as unreasoned merely because the objective evidence relied upon in those opinions did not support the ALJ's ultimate legal determination that Endicott was not totally disabled. However, any inappropriate wording in the ALJ's opinion was harmless error, because the ALJ provided sufficient rationale for crediting the opinions of Drs. Broudy, Cooper, and O'Neill over the opinions by Drs. Ameji, Ikram, Wright and de Guzman.
 
 
 13
 Lastly, Endicott argues that the evidence establishes that pneumoconiosis, at least in part, has contributed to his totally disabling condition. However, as the ALJ noted, Dr. Broudy provided sufficient evidence for rationally determining that any pulmonary function deficit was related to his cancer and chemotherapy rather than to any pulmonary condition. It was within the ALJ's discretion to rely on Dr. Broudy's report over the contrary opinions of record. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988). Further, other medical opinions merely cautioned against further exposure to coal dust without finding total impairment and without comparing the claimant's current capabilities with the duties of his former regular employment in the coal mines. An ALJ is not required to accept such opinions as necessarily constituting a finding of total disability. Neace v. Director, OWCP, 867 F.2d 264, 268 (6th Cir.1989); Back v. Director, OWCP, 796 F.2d 169, 171 (6th Cir.1986).
 
 
 14
 This court must affirm an ALJ's findings if supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ramey, 755 F.2d at 488 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Thus, even if this court were to reweigh the evidence differently, we must defer to the ALJ's conclusions and determinations for credibility in regard to the medical opinions set forth in the record.
 
 
 15
 Accordingly, the petition for review is hereby denied and the BRB's decision denying Endicott's request for modification is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation