989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Homer ADKINS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Scotts Branch
Company; Mapco, Respondents.
 No. 92-4018.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1993.
 
 Before KENNEDY, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Homer Adkins, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. Adkins filed a claim for benefits on September 28, 1987, and, eventually, the case was referred to the Office of Administrative Law Judges for a formal hearing. Thereafter, an Administrative Law Judge (ALJ) issued a decision and order denying benefits. Adkins appealed this decision to the BRB. The Board affirmed the denial of benefits on the basis that the ALJ's determination was supported by substantial evidence that Adkins failed to demonstrate total disability.
 
 
 3
 On appeal, the petitioner states that he is having "much more trouble breathing" although he has never smoked in his lifetime. He also asserts that he has received a pacemaker and has suffered three strokes in the last ten years, which problems he associates with his respiratory complications. Further, Adkins points out that some of the x-rays in the record reveal "second stage" black lung disease, apparently referring to certain of the readings classifying his lung disease as being within "category 2" under the UICC/Cincinnati Classification System set forth in the Black Lung regulations. See 20 C.F.R. § 718.102(b).
 
 
 4
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this part, Adkins must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 5
 A thorough review of the entire record reveals that the ALJ accurately and sufficiently summarized all relevant medical evidence submitted by the parties. The ALJ found the weight of the x-ray evidence established the claimant suffered from pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(1). In his decision and order, the ALJ clearly set forth his reasons for finding pneumoconiosis under § 718.202(a)(1), referring to the more credible readings of B-readers and the most recent readings of record. This court has held that it is reasonable and within an ALJ's discretion to consider such qualifications of the x-ray readers at the time of the readings, as well as the chronological relationship of the evidence. All circuits have generally followed this rule. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-49 (1987); Ferda, 879 F.2d at 205; Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986). Because this court's standard of review of an ALJ's decision is whether it is supported by substantial evidence, this court must defer to the ALJ's determinations of credibility and resolutions of inconsistencies, including that conflict which may occur among x-ray readings of record. See Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam); Welch v. Benefits Review Bd., 808 F.2d 443, 446 (6th Cir.1986). Therefore, it was proper for the ALJ to invoke the true doubt rule in favor of the claimant, and to find pneumoconiosis under § 718.202(a)(1).
 
 
 6
 The ALJ's finding that the claimant has not shown total disability is also supported by substantial evidence of record. None of the objective tests, including the pulmonary function studies and blood gas studies, revealed qualifying values under Part 718. 20 C.F.R. §§ 718.204(c)(1) and (2). Moreover, there is no evidence showing that Adkins suffered from cor pulmonale under § 718.204(c)(3). Finally, the ALJ thoroughly discussed each medical opinion, assigning appropriate weight thereto, and found that the weight of this evidence could not support a finding of total disability under § 718.204(c)(4). The ALJ did consider the opinions of Drs. Penman and Baker, and properly assigned them less probative weight. Dr. Penman found that Adkins's lung function was impaired, but did not address the physical demands of Adkins's prior coal mine work or discuss whether the miner could perform his "usual coal mine work" or comparable and gainful work, as required to be found totally disabled under the regulations. 20 C.F.R. § 718.204(b). Dr. Baker's suggestion that Adkins not return to coal mine work in the best interest of his "pulmonary hygiene" is not evidence that Adkins is totally disabled from performing his usual coal mine work, because that opinion did not diagnose total impairment and is not supported by the clinical evidence of record. Zimmerman v. Director, OWCP, 871 F.2d 564, 567 (6th Cir.1989); Neace v. Director, OWCP, 867 F.2d 264, 268 (6th Cir.1989).
 
 
 7
 Accordingly, the petition for review is hereby denied, and the BRB's decision is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.