98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence HURST, Petitioner,
v.
GATLIFF COAL COMPANY; Becky Coal Company; Crowley Coal
Company; Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 96-3315.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Ben.Rev.Bd., No. 92-2429 BLA.
 Ben.Rev.Bd.
 REVIEW DENIED.
 Before: BROWN, KENNEDY, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Clarence Hurst, proceeding pro se, petitions for review of a Benefits Review Board decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-45. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hurst filed his claim for benefits in September of 1990. The Department of Labor (DOL) administratively denied his claim and it was referred to an administrative law judge (ALJ) for a hearing. The ALJ issued a decision and order denying benefits, and the Board affirmed the ALJ's decision. The Board also denied Hurst's motion for reconsideration.
 
 
 3
 On appeal to this court, Hurst argues that the ALJ erred by not considering all of the relevant medical evidence and relies, principally, on the x-ray evidence showing that he suffers from pneumoconiosis. The petitioner has also filed a motion to proceed in forma pauperis on appeal.
 
 
 4
 This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 The ALJ properly applied Part 718 to analyze this evidence, because all of Hurst's claims were filed after March 31, 1980. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 6
 It is undisputed that, pursuant to 20 C.F.R. § 718.202(a)(1), the x-ray evidence established that Hurst suffered from pneumoconiosis. Thus, the only issue is whether Hurst is totally disabled due to that disease. 20 C.F.R. § 718.204(c); Adams, 886 F.2d at 820. Total disability may be established through criteria set forth in § 718.204(c)(1)-(5). These criteria include pulmonary function tests, blood gas studies, a finding of cor pulmonale with right-sided congestive heart failure, or a physician's reasoned medical judgment. An ALJ must weigh all the evidence in these categories to make a disability determination. Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1041 (6th Cir.1993).
 
 
 7
 The administrative record supports the ALJ's determination that Hurst is not totally disabled from pneumoconiosis. None of the pulmonary function or blood gas study tests revealed qualifying values under the regulations; thus, total disability could not be established under §§ 718.204(c)(1) or (c)(2). There was no evidence that Hurst suffered from cor pulmonale; thus, Hurst also could not establish total disability under § 718.204(c)(3).
 
 
 8
 The ALJ thoroughly discussed each medical report and properly determined that none of the physicians' opinions established total disability under § 718.204(c)(4). Dr. Broudy, a Board-certified internist and pulmonary specialist, diagnosed pneumoconiosis, but determined that Hurst retained the respiratory capacity to perform the work of an underground coal miner. Dr. Baker, also a pulmonary specialist, examined Hurst and opined that Hurst's impairment was "mild or minimal." This physician cautioned against Hurst's further exposure to coal dust or other similar noxious agents, but this opinion does not constitute substantial evidence that Hurst is totally disabled from performing his usual coal mining employment. Neace v. Director, OWCP, 867 F.2d 264, 268 (6th Cir.1989). In light of these medical opinions, the ALJ's conclusion that Hurst was not disabled due to pneumoconiosis, as defined in § 718.204(b)(2), is supported by substantial evidence.
 
 
 9
 Accordingly, Hurst's motion for in forma pauperis status is granted for the limited purpose of addressing this appeal, and Hurst's petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.